(794 P.2d 301)
No. 64,221

CITY OF DODGE CITY, *Appellee*, v. KENNY RABE, *Appellant*.

—

Opinion filed June 15, 1990.

*Linda L. Eckelman*, of Dodge City, for the appellant.

*Douglas B. Meyes*, of Dodge City, for the appellee.

Before ABBOTT, C.J., KEATON G. DUCKWORTH, District Judge, assigned, and PAUL E. MILLER, District Judge, assigned.

ABBOTT, C.J.: This is a direct appeal by Kenny Rabe from his conviction for driving under the influence of alcohol (DUI). Rabe was convicted in the Municipal Court of Dodge City, Kansas, and appealed that conviction to the District Court of Ford County, Kansas. This appeal arises as a result of the trial court's refusal to dismiss the case because Rabe was not brought to trial within the 180-day limit required by K.S.A. 22-3402(2).

Rabe filed a timely notice of appeal in the district court on February 25, 1988. On that same day, he executed an appeal bond that was approved by the municipal court judge and filed in the district court. A certificate of service was filed showing service by regular mail on the city attorney who prosecuted the case, as well as the municipal court judge who tried the case and approved the appeal bond and the clerk of the municipal court. The appeal was docketed and a case number was assigned. The appeal languished on the docket for some 14 months, at which time counsel for Rabe filed a motion to dismiss the case because he had not been brought to trial within the 180 days mandated by K.S.A. 22-3402(2). K.S.A. 22-3402(2) provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

Rabe was brought to trial some 17 months after the notice of appeal was filed.

The city attorney and municipal court clerk denied they received copies of the notice of appeal. The trial court appears to have held counsel for Rabe had mailed the notice of appeal, but it was not received. The trial court then reasoned:

"5. That since the statute K.S.A. 22-3609(3) states that the defendant shall cause notice of appeal to be served upon the City Attorney prosecuting the case and the City attorney did not receive the mailed notice pursuant to the Certificate of Service filed by defense attorney Leslie A. Phelps, that the appeal is not properly docketed, as defense attorney should have used certified mail service or personal service of process by the Sheriff."

Rabe relies solely on the right to a speedy trial as provided by K.S.A. 22-3402(2). He does not raise as an issue a claim that

he was denied his constitutional right to a speedy trial, nor did he do so in the trial court. For those interested in the distinction between the statutory and constitutional right to a speedy trial, see *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *State v. Rosine*, 233 Kan. 663, 668-70, 664 P.2d 852 (1983); *State v. Taylor*, 3 Kan. App. 2d 316, 321, 594 P.2d 262 (1979).

Only one case is cited by the parties and both sides rely on that case to support their respective positions. Rabe interprets *City of Overland Park v. Fricke*, 226 Kan. 496, 601 P.2d 1130 (1979), to hold that when an appeal from a municipal court conviction is properly filed and a notice of appeal mailed to the city attorney, the accused has done what he or she is required to do by statute, and the statutory speedy trial period commences to run. The City, in its two-page brief, argues that, while *Fricke* places the obligation upon the City to docket an appeal in a timely fashion, in this case, since the City did not receive notice of the appeal being filed, the time limitations of the speedy trial statute did not commence to run until there was actual notice to the city attorney.

Historically, the duty to prosecute a case rested with the prosecution. That view has been modified, and the trial judge now also has responsibility for management of the trial calendar. Obviously, the prosecution also has at least an equal duty to see that an accused is not denied a speedy trial.

In *State v. Higby*, 210 Kan. 554, 502 P.2d 740 (1972), our Supreme Court held that the obligation to bring a defendant to trial within the time limitations provided by the speedy trial statute is on the State and the defendant is not required to take any affirmative action. The court went on to hold:

"Only the state is empowered to bring a criminal charge to trial; hence the duty of procuring prompt trial rests upon the state (see ABA Standards, Speedy Trial, Approved Draft, 1968, § 2.2, p. 17); however, the ultimate responsibility for management of the trial calendar is in the trial court (*ibid.*, § 1.2, pp. 11-12; ABA Standards, The Function of the Trial Judge, Tentative Draft, § 1.1 (a), pp. 25-26; § 3.8, pp. 48-49)." 210 Kan. at 556.

Our dilemma in this appeal arises because of three cases decided *before* the statutes permitted notice of appeal from municipal courts to be filed directly in the district court. The results

reached in those cases appear to us to be inconsistent with a second line of cases dealing with misdemeanor criminal cases commenced in the district court. The three cases involving appeals from a municipal court are *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988); *City of Garnett v. Zwiener*, 229 Kan. 507, 625 P.2d 491 (1981); and *City of Overland Park v. Fricke*, 226 Kan. 496.

In *Fricke*, the Supreme Court affirmed the trial court's dismissal of a case for denial of a statutory speedy trial. Fricke was convicted in the municipal court. He perfected an appeal. At that time, notices of appeal were filed in the municipal court. Fricke appeared in the district court at a docket call and announced he was maintaining his not guilty plea and wanted a trial. Some eight months later, the trial judge dismissed the case for failure to bring the defendant to trial within the 180-day limit required by K.S.A. 22-3402(2). The city argued on appeal that the speedy trial statute was not applicable to municipal court appeals in the district court. This argument is premised on the fact that the speedy trial statute requires an accused to be brought to trial within 180 days "after arraignment on the charge." The city conceded that the appeal was properly taken, that defendant was held to answer under appeal bond, and that the defendant was not tried within 180 days from his first appearance in district court.

The Supreme Court held that the obligation is placed on the prosecution to proceed with reasonable dispatch in the trial of criminal cases and that the speedy trial statute applies to appeals from a municipal court. 226 Kan. at 501-02. The court then concluded that the time limitations provided in the speedy trial statute commences to run from the date the appeal is, or should have been, docketed in the district court. In the same paragraph, the court stated the time limitation should commence to run when there is, or should be, a complaint against the defendant pending in the district court. 226 Kan. at 502.

In the case before this court, the appeal was docketed in the district court, but no complaint was filed in the district court because the city attorney did not receive notice the appeal had been filed.

We view *Fricke* as holding the speedy trial statute applies to municipal court appeals (possibly on the theory that the accused has already been arraigned in the municipal court), that the city has a statutory duty to certify the appeal to the district court, and, finally, that if the appeal is docketed within the time set by statute, the time limitation commences to run from the date the appeal is docketed. If not docketed, the time limitation commences to run from the date the appeal should have been docketed.

This analysis of *Fricke*, however, is confusing by reason of the court's two references to what triggers the time limit. The court first discussed an amended complaint and said that the time limitation commences to run on an amended complaint from the date of arraignment on that complaint. 226 Kan. at 500. As noted above, the court held the time period is triggered by docketing the appeal and, then (in the same paragraph), the court held that the triggering event is the filing of a complaint. We are unsure whether the Supreme Court meant its reference to the complaint to apply to amended complaints or that the time can be triggered either by docketing an appeal or filing a complaint.

The case of *City of Garnett v. Zwiener*, 229 Kan. 507, was also decided prior to statutory changes in the appeal procedure, which permitted notices of appeal and appearance bonds to be filed in the district court. In *Zwiener*, the municipal judge and the clerk failed to certify the complaints, warrants, and appearance bonds within the 10-day period required by K.S.A. 22-3609(2). The opinion does not state how much in excess of 10 days the papers were certified to the district court. The Supreme Court held the requirement to certify the complaint, warrant, and appearance bond within 10 days of the notice of appeal is directory and not mandatory (jurisdictional) and, thus, the city could correct the error, provided the delay did not infringe on the defendant's right to a speedy trial. 229 Kan. at 510. The court held that the time limitations on speedy trials "commence to run from the date the appeal is docketed in the district court or at the expiration of the time the appeal should have been docketed under the time schedule set forth in" the statute governing appeals from a municipal court (K.S.A. 22-3609), which-

ever comes first. 229 Kan. at 510. The case was then remanded to the trial court for further proceedings.

In *Zwiener*, the Supreme Court also said:

"Under K.S.A. 1980 Supp. 22-3609 governing appeals from municipal courts, once a proper notice of appeal has been filed, the failure of the judge whose judgment is appealed from, or the clerk of such court, to certify the complaint, warrant and appearance bond to the district court on or before the next court day will not defeat a review proceeding." 229 Kan. at 510.

This paragraph lends support to Rabe's position in that the court seems to hold that, once an accused does what the statute requires, the time limit for a speedy trial commences.

In *City of Elkhart v. Bollacker*, 243 Kan. 543, the district court dismissed an appeal from a municipal court because the defendant was not brought to trial within 180 days from the date of certification and filing of the municipal court transcript in the district court. Bollacker did not file an appearance bond.

The Supreme Court in *Bollacker* held that in an appeal from a municipal court, whether bond is required or whether the accused is simply served with a notice to appear and is thus required to appear without posting a bond, the speedy trial statute applies. 243 Kan. at 546. In affirming the trial court's dismissal of the case, the Supreme Court reaffirmed that an accused is not required to take affirmative action to see that his or her right to a speedy trial is observed and that the burden is on the city to see that timely prosecution is had. 243 Kan. at 546.

Arrayed against the municipal court appeal cases, which make no specific holding about the statutory language that the speedy trial time limit commences as of arraignment, is a line of cases clearly holding that the statutory speedy trial clock commences to tick when arraignment is held. In *State v. Rosine*, 233 Kan. 663 at 669, the Supreme Court so held and stated:

"It is clear that Scott's and Rosine's court appearances on November 25, 1981, and November 5, 1981, respectively, wholly lacked the essential elements of an arraignment. No complaint was read to either defendant as no complaint existed. For like reason, no copy of the complaint could have been handed to either defendant. Further, there was no complaint on which to base a plea. The existence of a complaint, information or indictment filed against a defendant is a fundamental prerequisite to an arraignment."

See *State v. Huber*, 10 Kan. App. 2d 560, 561-62, 704 P.2d 1004 (1985); *State v. Taylor*, 3 Kan. App. 2d 316, 320.

In *Rosine*, it was held that the failure to arraign the accused resulted in the statutory speedy trial period not commencing. Apparently, in the other line of cases, the Supreme Court relied on the municipal court proceeding as an acceptable substitute for arraignment. We thus have two rules—one for misdemeanors filed directly in the district court and one for appeals from municipal courts. Perhaps this could have been avoided by following the same rule as demonstrated in *State v. Rosine* (time starts with arraignment) and by requiring a violation of the constitutional right to a speedy trial when an appeal from a municipal court is not docketed, a complaint is not filed, or an arraignment is not held.

We are duty bound to follow the Supreme Court, and, based on the fact that *City of Elkhart v. Bollacker* was filed in 1988 and is the third case on the subject, we are unable to say the Supreme Court would change the result if faced with that issue today.

Here, Rabe did all he was required to do by statute to perfect his appeal. He is not required, as the trial court held, to have the sheriff serve the notice of appeal on the city attorney or send the notice of appeal by certified mail, return receipt requested. Service is not defined in the statute, nor is it defined in the code of criminal procedure. In a civil case, service is provided for by statute:

"Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or a party or by mailing it to the attorney or a party at the last known address or, if no address is known, by leaving it with the clerk of the court. . . . Service by mail is complete upon mailing." K.S.A. 1989 Supp. 60-205(b).

Rabe contends notice was mailed, and, since he filed a certificate of service with the district court, under K.S.A. 22-3606 and K.S.A. 1989 Supp. 60-205, service was complete. See *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 620-21, 322 P.2d 341 (1958) (when notice of appeal is filed in proper court with proof of service made by affidavit, appeal should be deemed perfected). Whether the city attorney and the municipal court

actually received the notice is immaterial. Rabe has met the requirements of K.S.A. 22-3609.

The next question is whether the judge whose judgment is at issue, or the clerk of that court, had certified the complaint and warrant to the district court as required under K.S.A. 22-3609(3). No such certification appears in the record. The statute, however, specifically states that failure to meet this requirement "shall not affect the validity of the appeal." K.S.A. 22-3609(3).

While there is no mention of docketing in the statute, the Supreme Court has said several times that the time limit on speedy trials begins to run "from the date the appeal is docketed in the district court or at the expiration of the time the appeal should have been docketed." *City of Garnett v. Zwiener*, 229 Kan. 507, 510. See *City of Overland Park v. Fricke*, 226 Kan. 496, 502. The problem here is that when these two cases were decided, the statute was worded differently, leaving a question of whether changes in the law should change the requirement established in these cases. Under the old version of the law, the appellant filed notice with the court in which he or she was first tried, and it was incumbent on the court to certify the appeal to the district where it would then be docketed. In 1982, after the Supreme Court decided *Zwiener*, the legislature changed the law. The new law simply skips a step. The appellant can now bring his or her appeal directly to the district court. K.S.A. 22-3609. The new law also incorporates the *Zwiener* holding and makes the original trial court's certification immaterial.

Thus, no fault of the defendant is involved in the failure to try Rabe for 17 months after his appeal was docketed. In an appeal from municipal court on the issue of a statutory speedy trial, the accused has no affirmative duty to see that the speedy trial statute is complied with. Obviously, the accused could not deliberately cause the city not to receive notice, but, here, the trial court found the notice was mailed.

The purpose of guaranteeing speedy trials to those who appeal to district courts from municipal courts is clear. "[T]he speedy trial statute was intended to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time and to prevent delays in the administration of justice." *City of Elkhart v. Bollacker*, 243 Kan. at 545. See *City of*

*Overland Park v. Fricke,* 226 Kan. at 501. Traditionally, the burden of going forward with a prosecution has been placed on the State, "however, the ultimate responsibility for management of the trial calendar is in the trial court." *State v. Higby,* 210 Kan. 554, 556, 502 P.2d 740 (1972). The Supreme Court further addresses this concern in its rules:

"The most effective way of combating court delay is to modify the local legal culture by the adoption and use of a case management system. The basic concept of case management is that the court, rather than the attorneys, should control the pace of litigation. It is the duty of the judge to the people to run the court and not abdicate the responsibility to counsel." General Principles and Guidelines for the District Courts (8), 1989 Kan. Ct. R. Annot. 46.

See General Rules Relating to District Courts, 1989 Kan. Ct. R. Annot. 45-47.

The City's major complaint in this case was that it never got notice of the appeal. If the court had properly reviewed the docket and made an effort to be certain this case was heard in a timely fashion, the State would have gotten actual notice of the appeal, albeit through the judge rather than Rabe's attorney.

We believe other factors are such to overcome the City's failure to receive a copy of the notice of appeal, which the trial judge believed was not the fault of either party. The municipal court judge approved the appeal bond. No effort was made to enforce the sentence, despite the fact that the defendant was sentenced to serve a jail sentence and pay a fine. The defendant was subject to criminal charges and an appearance bond for 17 months.

Finally, the trial judge had a responsibility to see that the speedy trial statute was complied with. The appeal was docketed and simply sat on the trial docket for some 14 months until the defendant filed a motion to dismiss the case on the basis of denial of a speedy trial.

We hold the accused was denied his right to a statutory speedy trial. We do so with full realization that, in the past, the duty has been placed on a city or the State to comply with the speedy trial statute. Here, the City had notice other than a copy of the notice of appeal that the accused had filed an appeal (the municipal judge knew defendant's sentence was not enforced, even though the jail sentence was mandated by state law if no appeal

had been filed), and that fact alone should be sufficient to support our holding. That fact, coupled with the trial judge's duty to manage the court docket, causes us to conclude Rabe's conviction must be reversed, and the case is remanded to the trial court with directions to vacate Rabe's conviction and to discharge the defendant.