No. 78,649

Raymond Wilkinson, *Appellee/Cross-Appellant*, v. Shoney's, Inc., a/d/b/a Captain D's Seafood, and NEC, Inc., *Appellant/Cross-Appellee*.

(958 P.2d 1157)

Opinion filed May 29, 1998.

*Michaela M. Warden*, of Spencer Fane Britt & Browne LLP, of Overland Park, argued the cause, and *Gregory L. Ash* and *Daniel B. Boatright*, of the same firm, were with her on the briefs for appellants/cross-appellees.

*Brian J. Niceswanger*, of McDowell, Rice, Smith & Gaar, of Overland Park, argued the cause, and *Richard W. Holmes*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, was with him on the briefs for appellee/cross-appellant.

The opinion of the court was delivered by

LARSON, J.: Raymond Wilkinson filed this action after being fired from his management position at Shoney's, Inc., and having his unemployment benefits challenged. Wilkinson alleged claims for malicious prosecution, wrongful discharge, and negligent misrepresentation. A unanimous jury found in his favor, awarded a total of $533,271 in damages, and recommended the imposition of punitive damages. Shoney's and National Employers' Council, Inc. (NEC), which handled Shoney's' unemployment compensation claims, appeal numerous issues. Wilkinson cross-appeals. We dismiss all the appeals for lack of jurisdiction.

Due to the manner in which we resolve this appeal, we need not dwell upon the underlying facts of this case as adduced at trial. Instead, we present the procedural facts controlling our determination that we lack jurisdiction.

Following the jury verdict in favor of Wilkinson and its recommendation to impose punitive damages, the trial court *sua sponte* raised the issue of an interlocutory appeal. The trial court clearly stated it was concerned about the existence of malice sufficient to support an award of punitive damages and it desired an appellate resolution of this matter prior to entering a punitive damages award.

Despite two requests to the trial court on the part of Wilkinson to reconsider its decision to reserve the question of punitive damages, the trial court expressly entered judgment on behalf of Wilkinson and found there was no just reason for delay. The order of judgment authorized an interlocutory appeal of all issues.

The parties filed their notices of appeal and cross-appeal in the Court of Appeals as is permitted by K.S.A. 60-2102(a) from a final order granted under K.S.A. 60-254(b), but never requested or received permission to file an interlocutory appeal as required by Supreme Court Rule 4.01 (1997 Kan. Ct. R. Annot. 26). We granted Wilkinson's request for transfer to this court pursuant to K.S.A. 20-3017.

## Jurisdiction

Neither party to this appeal has raised the question of jurisdiction; however, an appellate court has a duty to question jurisdiction on its own motion. If the record reveals that we lack jurisdiction, we must dismiss the appeal. *McDonald v. Hannigan,* 262 Kan. 156, Syl. ¶ 1, 936 P.2d 262 (1997), clearly states:

"The right to appeal is entirely statutory and not a right contained in the United States or Kansas Constitutions; subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes." 262 Kan. 156, Syl. ¶ 1.

Both parties now appear to rely upon the provisions of K.S.A. 60-254(b) to support appellate jurisdiction of this case. K.S.A. 60-2102(a)(4) permits the appellate jurisdiction of the Court of Appeals to be invoked as a matter of right from "[a] final decision in any action." K.S.A. 60-254(b) allows a court to enter a final judgment on less than all the claims in a case and reads in part:

"(a) *Definition.* A judgment is the final determination of the rights of the parties in an action.

"(b) *Judgment upon multiple claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

K.S.A. 60-254(b) is the same as Fed. R. Civ. Proc. 54(b). We follow the federal cases interpreting 54(b) certifications. *Gillespie v. Seymour,* 263 Kan. 650, 653, 952 P.2d 1313 (1998).

Unlike our recent decision in *State ex rel. Board of Healing Arts v. Beyrle,* 262 Kan. 507, 941 P.2d 371 (1997), the trial court in the present case made explicit findings which satisfy the requirements of K.S.A. 60-254(b). The question remains, however, whether a

trial court, by issuing an order in compliance with K.S.A. 60-254(b), may render an order final, and therefore appealable, which is not in fact final. We hold that it cannot.

In *Gillespie*, 263 Kan. at 652-53, we restated our standard of review of this issue. When determining the propriety of a certification under K.S.A. 60-254(b), we first scrutinize the trial court's evaluation of the interrelationship of the multiple claims to decide as a matter of law whether the judgment is final. If the judgment is final, substantial deference should be given to the trial court's discretionary decision as to whether there is no just reason for delay.

The precise issue before us was previously discussed in an early Court of Appeals decision, *Henderson v. Hassur*, 1 Kan. App. 2d 103, 562 P.2d 108 (1977). The procedural facts of *Henderson* are substantially similar to those before us in the present case. The trial court granted partial summary judgment to the defendant on all the plaintiffs' claims and on some of the defendant's counterclaims. Urging an interlocutory appeal, the trial court expressly reserved for later determination the defendant's counterclaim for punitive damages and any further cross-claims for indemnity by one of the plaintiffs against the other.

The Court of Appeals dismissed the attempted appeal, ruling that the order was interlocutory and not appealable. Although no attempt had been made to comply with K.S.A. 60-254(b), the parties in *Henderson* argued the trial court had implicitly complied with the statute. The Court of Appeals first decided that no such implicit determination had been made, then went on to state that even if there had been compliance with K.S.A. 60-254(b), the appellate court would not have been bound thereby.

In support of this conclusion, the *Henderson* court pointed out that the various claims for actual and punitive damages alleged by the defendant in his counterclaim constitute but one legal right. "The fact that more than one element of damages is sought does not destroy the unity of the claim." 1 Kan. App. 2d at 108.

*Henderson* then quoted from *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 47 L. Ed. 2d 435, 96 S. Ct. 1202 (1976), regarding the applicability of Rule 54(b). *Wetzel* was a Title VII discrimina-

tion action (42 U.S.C. § 2000e *et seq.* [1972]) seeking injunctive, compensatory, and punitive relief and attorney fees. The trial court granted summary judgment only as to liability and issued a Rule 54(b) certificate. The Supreme Court held:

"Rule 54(b) 'does not apply to a single claim action . . . . It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal.' [Citation omitted.] Here, however, respondents set forth but a single claim . . . . They prayed for several different types of relief in the event that they sustained the allegations of their complaint . . . but their complaint advanced a single legal theory which was applied to only one set of facts. Thus, despite the fact that the District Court undoubtedly made the findings required under the Rule, had it been applicable, those findings do not in a case such as this make the order appealable pursuant to 28 U.S.C. § 1291." 424 U.S. at 742-44.

The *Henderson* court declared that *Wetzel* demonstrates there could be no "final" judgment for the defendant's actual damages while the issue of punitive damages was still undecided. 1 Kan. App. 2d at 108-09.

*Henderson* found *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F. 2d 66 (2d Cir. 1973), closely analogous to its factual situation. The trial court in *Cinerama* granted partial summary judgment on a defendant's counterclaim, reserved the question of interest, and issued a Rule 54(b) certificate. The Second Circuit determined it had no jurisdiction, stating:

"It is settled that, in making the requisite determination and direction under F.R.Civ.P. 54(b). '[t]he District Court *cannot*, in the exercise of its discretion, treat as "final" that which is not "final" within the meaning of [28 U.S.C.] § 1291' (emphasis in original) . . . . *Sears, Roebuck & Co. v. Mackey* [351 U.S. 427, 437].

"We see no basis for the apparent belief of the district court that it could sever the Bank's claim for principal from its claim for prejudgment interest and render a 'final' judgment only for the former." 482 F.2d at 69.

We recently upheld the rule expressed in *Henderson* in *Gillespie,* 263 Kan. at 650, where we found that certification under K.S.A. 60-254(b) was improper. We dismissed the attempted appeal on the grounds that the judgment did not involve a resolution of one of multiple claims and was not a final judgment. *Gillespie,* 263 Kan.

at 655, quoted the following from a Kansas Law Review article: " 'Even if a section 254(b) certificate is issued, it is not binding on appeal; the trial court cannot thereby make an order final and therefore appealable, if it is not in fact final.' " Elliott, *Survey of Kansas Law: Civil Procedure,* 27 Kan. L. Rev. 185, 194 (1979) (citing *Henderson,* 1 Kan. App. 2d 103).

The rule that a final decision must be rendered on all inseparable claims before an appellate court may obtain jurisdiction pursuant to Rule 54(b) has continued to be upheld in more recent federal cases. See, *e.g., General Acquisition, Inc., v. GenCORP, Inc.,* 23 F.3d 1022, 1027 (6th Cir. 1994) (ruling that determination under Rule 54[b] that a particular order ultimately disposes of a separable claim is a question of law requiring de novo review); *Perera v. Siegel Trading Co., Inc.,* 951 F.2d 780, 786 (7th Cir. 1992) ("[T]he district court cannot expand this court's appellate jurisdiction by simply entering a Rule 54[b] judgment. That is, a district court's entry of a Rule 54[b] judgment cannot transform an interlocutory decision into a final decision."); *Arizona St. Carpenters Pension Tr. Fund v. Miller,* 938 F.2d 1038, 1039 (9th Cir. 1991) ("Even though a decision is certified under Rule 54(b), this court must make sure it is dealing with a final judgment before exercising its jurisdiction.").

In *Miller,* the Ninth Circuit held that a dismissal of a claim of punitive damages while claims for compensatory damages remained pending was not a final, appealable order. The court declared:

"Here, it is clear that the count for punitive damages is not 'separate and distinct' from the remainder of the counts in the complaint, but is based on a single set of facts giving rise to a legal right of recovery under several different remedies. [Citation omitted.] We join the Third Circuit in holding that '[w]hen liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b).' *Sussex Drug [Products v. Kanasco, Ltd.,* 920 F.2d 1150, 1155 (3d Cir. 1990)].

"It is plain that the Trust Funds' punitive damage count and their compensatory damage counts are 'inextricably intertwined.' " 938 F.2d at 1040.

The reasoning of *Henderson* and the federal cases describing the proper limits of jurisdiction under Rule 54(b) is sound. Piecemeal

appeals are undesirable and cannot be sanctioned by allowing a trial court to circumvent the finality requirement simply by granting certification under K.S.A. 60-254(b) to an interlocutory ruling, which otherwise would require permission from the Court of Appeals before an appeal could be taken. We continue to approve the holding of *Henderson* and rule that certification under K.S.A. 60-254(b) cannot render a judgment final, and therefore appealable, which is not in actuality final.

Having reached this conclusion, we also find that the claims in this case for compensatory and punitive damages are inseparable, as both rise from the same factual circumstances and are simply two different remedies. In defining a final judgment, we recently quoted from *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 (1975), in *Beyrle*, 262 Kan. at 510: " ' "No definition of 'final decision' is contained in the statute but this court has previously construed it to mean, 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.' [Citations omitted.]" ' "

The judgment below, which failed to determine the issue of punitive damages, did not dispose of the entire merits of the controversy and is not a final judgment for purposes of appeal. We lack appellate jurisdiction to determine the issues attempted to be raised by this appeal. The judgment entered below is interlocutory and subject to revision until a final judgment on all issues is entered.

We add as a final observation, as we did in *Gillespie*, 263 Kan. at 656, that should a future appeal be taken from a final judgment rendered in this case, a motion to utilize the present record and briefs, suitably supplemented, would be favorably received.

Appeal dismissed.

SIX, J., not participating.

E. NEWTON VICKERS, Senior Judge, assigned.