No. 82,618

CITY OF WICHITA, *Appellee*, v.
CLIFFORD A. MADDOX, JR., *Appellant*.
(24 P.3d 71)

Opinion filed June 1, 2001.

*Stephen B. Plummer*, of Wichita, argued the cause and was on the brief for appellant.

*Sharon L. Dickgrafe*, assistant city attorney, argued the cause, and *Gary E. Rebenstorf*, city attorney, was with her on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This case raises questions regarding the procedure and results of appeals from municipal courts.

The factual background and proceedings are as follows:

Clifford A. Maddox, Jr., was arrested in the City of Wichita for driving under the influence (DUI) and four related traffic offenses (seat belt violation, defective tag, failure to signal lane change, and transporting an open container).

The record is not crystal clear, but it appears Maddox entered into a nolo contendere plea to the DUI charge and after being found guilty, the four related traffic charges were dismissed. He was sentenced to 6 months and fined $782. Maddox then appealed the municipal court's findings and rulings to the district court.

The record in district court shows Maddox was arraigned on only the DUI charge, but after a bench trial, and without objection, he was convicted not only of the DUI charge, but on the four related traffic offenses as well. He was fined $860 and given a 6-month sentence, which was paroled to 30 days with work release approved after 5 days served. Maddox appealed to the Court of Appeals, contending he was improperly denied a jury trial and could only be convicted of the DUI charge on which he had been arraigned in the district court.

The Court of Appeals, in an unpublished opinion filed September 1, 2000, held Maddox's failure to timely request a jury trial as required by K.S.A. 22-3609(4) precluded him from being granted one. The convictions of the four related traffic offenses were reversed but not for the lack of arraignment reason that Maddox had argued. The court stated:

"Maddox contends he was never arraigned on the four traffic offenses in district court. Consequently, Maddox claims he was not properly convicted of these offenses. We agree.

. . . .

"When appealing a municipal court judgment, the notice of appeal shall designate the judgment or part of the judgment appealed from. K.S.A. 1999 Supp. 22-3609(3).

"We have reviewed the record on appeal and found nothing that would indicate the State appealed the dismissal of the four traffic offenses now at issue. We conclude the district court did not have jurisdiction to reinstate the charges and find Maddox guilty. See *Wilkinson v. Shoney's, Inc.*, 265 Kan. 141, 143, 958 P.2d 1157 (1998)."

Although seemingly agreeing that Maddox was not properly convicted because he was not arraigned in the district court, the Court of Appeals found jurisdiction did not exist because of the City's failure to appeal. The case relied on, *Wilkinson v. Shoney's, Inc.*, 265 Kan. 141, 958 P.2d 1157 (1998), is a civil matter where the judgment was not deemed final for purposes of appeal and is not appropriate authority for the court's ruling.

We granted the City's petition for review and requested the parties to show cause under the authority of *State v. Burkett*, 231 Kan. 686, 648 P.2d 716 (1982), as to why the Court of Appeals had not erred in concluding the district court did not have jurisdiction to convict Maddox of the four traffic offenses.

Highly summarized, the predictable responses were as follows:

The City argued the *Burkett* ruling allowing reinstatement of all charges on an appeal from a district magistrate judge was consistent with the district court considering not only the DUI charge but the four related traffic offenses as well. The City further contended, as it had in its brief filed before the Court of Appeals, that arraignment was not required on any of the appealed charges.

Maddox contended the Court of Appeals properly dismissed the four traffic offenses although he admitted its final reason for doing so *was* erroneous. He argued the wording in *Burkett* stating that *"arraignment must be held"* should be construed to uphold the dismissal for the lack of arraignment on all charges. See *Burkett*, 231 Kan. at 690. The issue that Maddox should have been granted a jury trial was abandoned.

As this appeal is now presented to us, the questions are: (1) What charges were properly before the district court? and (2) Was the failure to arraign Maddox on the four related traffic charges in the district court fatal to the convictions thereof?

The statutory provisions relating to appeals from municipal courts to district courts are set forth in K.S.A. 2000 Supp. 22-3609, which states, in relevant part:

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas. The appeal shall be assigned by the chief judge to a district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The notice of appeal shall designate the judgment or part of the judgment appealed from. The defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case. The judge whose judgment is appealed from or the clerk of the court, if there is one, shall certify the complaint and warrant to the district court of the county, but failure to do so shall not affect the validity of the appeal."

These provisions must be read in conjunction with K.S.A. 12-4601 and K.S.A. 12-4602, which read as follows:

"An appeal may be taken to the district court in the county in which said municipal court is located:
(a) By the accused person in all cases; and
(b) By the city upon questions of law.
"The appeal shall stay all further proceedings upon the judgment appealed from." K.S.A. 12-4601.
"An appeal to the district court may be taken as provided in K.S.A. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal judge may require a separate bond. Hearing and judgment on appeal shall be as provided in K.S.A. 22-3610 and 22-3611." K.S.A. 12-4602.

Finally, the directives of K.S.A. 22-3610 and K.S.A. 22-3611 are involved, and these statutes, where applicable, state:

"When a case is appealed to the district court, such court shall hear and determine the case on the original complaint, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court." K.S.A. 22-3610.

"If upon appeal to the district court the defendant is convicted, the district court shall impose sentence upon him and render judgment against him for all costs in the case, both in the district court and in the court appealed from." K.S.A. 22-3611.

The issues before this court involve interpretation of statutory provisions which are questions of law over which our review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). We have further said: "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). Additionally, we stated in *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997):

" " "In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." [Citation omitted.]' "

The law in Kansas is clear that the right to an appeal and the procedure to be followed is strictly statutory in nature. *State v. Freeman*, 236 Kan. 274, 276, 689 P.2d 885 (1984).

The provision relied upon by the Court of Appeals in reversing the four related traffic offenses and finding the district court without jurisdiction to hear them, K.S.A. 22-3609(3), must be read in light of K.S.A. 12-4601(b), which clearly limits the scope of appeals by a City from an municipal court to "questions of law." There was never any question of law which required an appeal by the City in this case, as the only appeal was the one filed by Maddox.

The appeal by an accused person is allowed in all cases by K.S.A. 12-4601(a). The right exercised by Maddox in this case brings into play the wording of K.S.A. 22-3610(a), which states that "[w]hen a case is appealed to the district court, such court shall hear and determine the case on the original complaint . . . . The case shall be tried *de novo* in the district court."

Based on this language, the case on appeal to the district court was required to be heard on the original complaint, which included both the DUI and the four related traffic offenses.

The Court of Appeals' finding of jurisdictional error is incorrect for two reasons. First, K.S.A. 22-3610 states that an appeal to the district court shall be heard on the original complaint, unless the complaint is defective; it was not in this case. No action by the City was required once Maddox filed the appeal. Second, K.S.A. 2000 Supp. 22-3609(3) applies to Maddox, not the City, since it was not the appellant at the district court level. There was no jurisdictional requirement here that the City failed to comply with and, consequently, no jurisdictional error.

The Court of Appeals' opinion contains no authority for its agreement with Maddox's contention that because he was never arraigned on the four traffic offenses in district court he was not properly convicted of these offenses.

Maddox did not object before the district court that he had not been arraigned on the four related charges, and this question could be subject to our rule that an issue not raised in the trial court cannot be raised for the first time on appeal. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 690, 984 P.2d 719 (1999). However, the question is unique, and we chose to address it in order to prevent manifest injustice, see *State v. Puckett*, 230 Kan. 596, 600-01, 640 P.2d 1178 (1982), and to provide guidance for appeals from municipal courts.

The City again points to the wording of K.S.A. 2000 Supp. 22-3609(2) and (3), and K.S.A. 22-3610 in arguing there is no requirement for a defendant to be "rearraigned" once the appeal has been perfected to the district court. The authorities relied on by the City for this position are actually several cases whose primary bent was the application of speedy trial requirements to appeals in the district courts from convictions in municipal courts, but each does imply that no additional arraignment is necessary or required.

In *City of Odgen v. Allen*, 208 Kan. 573, Syl. ¶ 2, 493 P.2d 277 (1972), we held that a local district court rule which required defendants to appear at a date and time certain for an arraignment docket did not apply to a person convicted in police court who had perfected an appeal to the district court. In *City of Dodge City v. Rabe*, 14 Kan. App. 2d 468, 794 P.2d 301 (1990), the issue was the point at which the time computation began for purposes of deter-

mining whether a defendant received a speedy trial de novo after appealing a conviction in municipal court. There, the Court of Appeals surveyed *City of Elkhard v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), and *City of Overland Park v. Fricke*, 226 Kan. 496, 601 P.2d 1130 (1979), both cited by the City here. The Court of Appeals in *Rabe* concluded that those who appeal to district court from municipal court are guaranteed a speedy trial, and the speedy trial period begins to run when the appeal is docketed, not, as in criminal cases originating in district court, when the defendant is arraigned. 14 Kan. App. 2d at 474-76.

While these cases stand for the proposition that speedy trial requirements begin to run when an appeal from a municipal court is docketed and appear to rely on the premise that "rearraignment" is not necessary, they are not by themselves determinative of the precise question of whether the failure to include the four related traffic offenses in the district court arraignment precluded Maddox's conviction of those charges.

Maddox's response to our order to show cause cited *Burkett*, 231 Kan. 686 (an appeal from magistrate to a district judge), and seized on its language that "[t]he proceedings start afresh; *arraignment must be held*" 231 Kan. at 690 (emphasis added), as requiring that he be rearraigned on all charges. The failure to do so Maddox contends, requires his convictions on the four related traffic charges to be reversed. The City, as we have stated, argues to the contrary. Thus, we continue with our analysis of *Burkett*.

Burkett was originally charged with aggravated battery in violation of K.S.A. 21-3414, a felony.

Burkett entered into a plea agreement whereby the felony charge was dismissed in exchange for a plea of guilty to two misdemeanors. The State amended the complaint to include only the two misdemeanors and Burkett pled to both before a magistrate judge. Burkett appealed the two misdemeanor convictions. In district court, the State filed a second amended complaint which asserted the felony charge and the two misdemeanors. The district court dismissed the felony charge.

This court framed the issue in *Burkett* as follows: "Under the facts of this case, the issue before us is whether the State may

*reassert* the felony charge." 231 Kan. at 687. We held that the State was not precluded from refiling the original felony charge in the district court, together with the misdemeanors. We explained that while the State could refile the original charges, the defendant must be given the opportunity to renew the terms of his plea bargain in hopes of receiving a more favorable sentence from the district court. If the defendant chose not to repeat the plea bargain, he may be tried anew on the original complaint and convicted of the previously dismissed charge. 231 Kan. at 692-93.

Although the statute involved in the appeal in *Burkett* was K.S.A. 22-3609a and we deal with K.S.A. 2000 Supp. 22-3609, the following language in *Burkett* as to the effect of the appeal is instructive:

"The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge or an associate district judge. The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; *arraignment must be held*; new pleas must be entered; a jury may be demanded; and if conviction results, the judge must direct the disposition, whether by fine, sentence, suspension of sentence, probation or otherwise. The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain." (Emphasis added.) 231 Kan. at 690.

Although the crux of the *Burkett* holding was that it was not a due process violation to reassert the felony charge, in discussing the procedure we stated that the appealing defendant would still have the opportunity of taking advantage of the plea agreement. However, if the defendant does not plea, he will go to the trial on the original charges. Our opinion went on to state:

"To hold that the prosecutor may not do so [reassert the original charges] would permit a defendant to secure the benefit of his plea bargain—reduced charges—and also to have a trial on those charges rather than to enter nolo contendere pleas as agreed. The State would lose the entire benefit of its bargain; it would realize no convictions, and it would face the time and expense of trial on the reduced charges. Defendant would have everything to gain and nothing to lose, the 'heads-I-win-tails-you-lose' gamble described in *United States ex rel. William* [*v. McMann,* 436 F.2d 103 (2d Cir. 1970, *cert. denied* 402 U.S. 914 (1971)]." 231 Kan. at 693.

The statutory provisions regarding arraignment in the municipal court are set forth in K.S.A. 12-4403, which require an accused person to be arraigned at the time specified in the notice to appear or the earliest date when the court convenes. K.S.A. 2000 Supp. 12-4404 says arraignment shall be conducted in open court by stating to the accused person the substance of the charges and calling on that person to plead thereto. A not guilty plea may be accomplished by telephone, mail, or an appearance by counsel.

This procedure is much more informal than required by the Code of Criminal Procedure, which allows, with the approval by the court, for a plea by counsel on misdemeanor charges, but requires a person charged with a felony to be present in person and be given a copy of the information before being required to plead. K.S.A. 22-3205. This distinction is important because the language relied on by Maddox that "arraignment must be held" was applicable in *Burkett* since a felony was charged but would not be applicable to this case where the charges consisted only of misdemeanor traffic offenses. With that portion of the *Burkett* holding upon which Maddox relies distinguished, the remaining applicable language is favorable to the City's position.

The proceedings in the municipal court of the City of Wichita (and most other municipal courts as well) are not recorded, but the docket sheet in this case shows Maddox appeared and was apparently arraigned on December 23, 1997. He was given time to obtain an attorney on three occasions in early 1998, his trial was continued in May and June, and his case was heard on July 7, 1998, when a plea bargain was entered. A pre-sentence investigation was ordered, and the sentence from which he timely appealed to the district court was entered on September 16, 1998.

The record then reflects that Maddox appeared before a district judge on October 6, 1998, and was rearraigned but only on the DUI charge. In actuality, there was no requirement for Maddox to be rearraigned on any of the charges as his appeal had only moved him to a different court before a different judge, but the charges against him remained exactly as they had been in the municipal court—the DUI charge and the four related traffic offenses. No further arraignment was required and his appearance was limited

to determining if he wished to take advantage of his previous plea agreement and, if he did not, for docket control to set his case for trial.

There *is* a transcript of the bench trial that occurred in this case. It clearly shows the appearances, the presence of Maddox, the waiver of opening statements by both counsel, and a trial where substantial competent evidence showed guilt on all five offenses. The question of arraignment was never an issue before, during, or after the trial. We hold that a district court hearing an appeal from a municipal court does not have to rearraign the accused person on any of the charges and may properly hold the trial on the basis of the municipal court complaint (if it is not required to be amended as allowed by K.S.A. 22-3610[a]).

We hold the district court properly convicted Maddox of all charges in this case.

The Court of Appeals is affirmed in part and reversed in part. The district court is affirmed.