**UNITED STATES of America, Plaintiff,**

v.

**SEARS, ROEBUCK AND COMPANY, INCORPORATED, Defendant.**

**No. CR 80–183–AAH.**

United States District Court.
C.D. California.

Jan. 19, 1988.

Victor D. Stone, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Stephen D. Miller, Law Offices of Stephen D. Miller, Inc., Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

HAUK, District Judge.

The action is before this Court upon motion of defendant for dismissal of the indictment for violation of its right to a speedy trial. For the reasons stated below, the motion is granted.

## BACKGROUND

On February 26, 1980, a federal grand jury indicted Sears, Roebuck and Company (Sears) for conspiring to defraud the United States government by overstating to customs agents the price it had paid for television receivers purchased from Japanese manufacturers. Allegedly, Sears overstated the price in order to conform to Japanese mandated floor prices without disclosing private rebates and credits and in order to avoid payment of United States "dumping duties" imposed for selling imported merchandise for less than fair market value. The original indictment charged one count of conspiracy in violation of 18 U.S.C. § 371, and twelve substantive counts of importing merchandise in violation of 18 U.S.C. § 542.

Sears moved to dismiss the indictment on grounds of prosecutorial misconduct before the grand jury. Chief Judge Manuel L. Real granted the motion on June 4, 1981. The Ninth Circuit Court of Appeals reversed the district court's dismissal on September 19, 1983, and remanded the case with directions to reinstate the indictment.

Upon remand, Sears renewed its motion for dismissal on the ground of prosecutorial misconduct. The district court granted the motion on February 29, 1984, dismissing the original indictment for a second time in the exercise of its "discretionary supervisory power". This second dismissal was summarily reversed by the Ninth Circuit on June 18, 1984.

In the meantime, the government filed a superseding indictment against Sears on January 17, 1984, again charging one count of conspiracy in violation of 18 U.S.C. § 371, but substituting twelve substantive violations of 18 U.S.C. § 1001 (false statements to a federal agency) in lieu of the original twelve substantive violations of 18 U.S.C. § 542 (entry of goods by means of false statements).

Chief Judge Real dismissed this superseding indictment on October 3, 1984, finding that it impermissibly broadened the original indictment and was therefore barred by the five-year statute of limitations contained in 18 U.S.C. § 3282.

This third dismissal of the case was also reversed by the Ninth Circuit in an opinion issued on March 25, 1986. That decision further directed that, upon remand, the case be reassigned to a different district court judge.

The Court of Appeals issued its mandate on October 17, 1986. The mandate was received by and lodged with the district court on October 20, 1986. On the same day, Sears filed a petition for a writ of certiorari in the United States Supreme Court, which denied Sears' petition on December 1, 1986.

The Court of Appeals mandate was then lodged with the district court for a second time on January 23, 1987. No formal written motion was filed by the government to seek a trial date or otherwise move this case to trial until June 23, 1987, exactly five months after the mandate was re-lodged with the district court on January 23, 1987, six and a half months after the Supreme Court's denial of the petition for certiorari on December 1, 1986, and eight months after the Ninth Circuit issued its mandate on October 17, 1986.

The government filed a motion to file and spread the mandate on June 23, 1987. Thereafter, Sears filed a motion on July 7, 1987 to dismiss the superseding indictment for the government's failure to abide by Speedy Trial Act guidelines.

On July 10, 1987, Chief Judge Real ordered immediate reassignment of the case, which brought it before this court (Judge Hauk) and the appellate mandate was filed and spread in open court on August 10, 1987. On the same day, the court granted Sears' motion to dismiss because of the government's failure to bring the case to a timely and speedy trial.

## DISCUSSION
### The Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, mandates specific time periods for bringing defendants to trial. These time limits were enacted to ensure that the various stages of a trial progress expeditiously. The applicable time period here is provided by 18 U.S.C. 3161(d)(2), which requires the government to bring a case to trial within seventy days from the date the action "occasioning the trial" becomes final. This time limitation has been in effect since July 1, 1979.

In cases such as the instant one, the date "occasioning trial" under section 3161(d)(2) is when the district court receives the appellate court's mandate, "as reflected in the records of the district court." *United States v. Crooks*, 804 F.2d 1441, 1445 (9th Cir.1986), hereinafter referred to as *Crooks I*. See also *United States v. Crooks*, 826 F.2d 4, 5 (9th Cir.1987), hereinafter referred to as *Crooks II*.[1]

■ Here, the Court of Appeals issued its mandate on October 17, 1986. The district court lodged the mandate first on October 20, 1986, then re-lodged it on January 23, 1987, following the Supreme Court's denial of Sears' petition for a writ of certiorari on December 1, 1986.

This court concludes that the first lodging of the Ninth Circuit mandate on October 20, 1986 was premature, and that the time limits of the Speedy Trial Act did not begin to run until the date of the re-lodging of the mandate on January 23, 1987. Thus, the government had seventy days from January 23, 1987, that is, until April 3, 1987, whether we apply the rule in *Crooks I*, or *Crooks II*, to bring the case to trial or to take some action to exclude time

---

**1.** We recognize that the triggering date "occasioning trial", as set forth in *Crooks I*, has been changed from the date of the "receipt of the appellate mandate by the district court", to "the day the mandate was issued." *Crooks II*, 826 F.2d at 5. *See also United States v. Ross*, 654 F.2d 612, 616 (9th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982).

Accordingly, if *Crooks II* applies retroactively, then the Speedy Trial clock here began to run at an even earlier date, December 1, 1986, with the Supreme Court's denial of certiorari, rather than January 23, 1987, when the Ninth Circuit mandate was re-lodged with the district court.

It is curious but necessary to note that neither counsel for Sears nor counsel for the government brought to the attention of this court the existence and holding of *Crooks II* (decided August 25, 1987, upon rehearing) even though both sides submitted proposed findings of fact and conclusions of law well after that date. Apparently counsel overlooked or failed to shepardize the case before submitting their papers.

under the Speedy Trial Act. The government failed to do so. Such failure mandates the sanction of dismissal provided for under 18 U.S.C. § 3162(a)(2), and accordingly, it would appear that the indictment should be dismissed.

■ However, the issue of the applicability of the sanctions provision must first be addressed. Section 3163(c) provides that the sanctions provision became effective and applies to "all indictments filed on or after July 1, 1980."

Here, where the case involves both an original and a superseding indictment, the question arises as to which indictment should control for section 3163(c) purposes. If the superseding indictment filed on January 17, 1984 is controlling, the sanctions provision is clearly available. However, if, as the government claims, the superseding indictment relates back for purposes of a Speedy Trial Act violation, the sanctions provision is not available, because the original indictment was filed on February 26, 1980, four months before the July 1, 1980 effective date of the sanctions provision.

The Ninth Circuit has never applied the "relation back" theory to a superseding indictment for purposes of the Speedy Trial Act. However, the Circuit Court apparently did rely upon a relation back doctrine in applying the statute of limitations in the present case. The Ninth Circuit stated that, for purposes of the five year statute of limitations in 18 U.S.C. § 3282, the new charges contained in the superseding indictment did not impermissibly expand or broaden the charges against Sears, and therefore the superseding indictment, when related back to the original indictment, was not time-barred. *See United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 779 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).

However, a distinction must be made between the rights of an accused to a speedy trial and the accused's rights under the statute of limitations, since entirely different considerations are brought into play.

The purpose of the statute of limitations is to "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time ..." *Toussie v. United States*, 397 U.S. 112, 114, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). Thus, the statute of limitations "balance[s] the government's need for sufficient time to discover and investigate the crime against the defendant's right to avoid perpetual jeopardy for offenses committed in the distant past." *United States v. Gonsalves*, 675 F.2d 1050, 1052 (9th Cir.), *cert. denied*, 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982).

In holding that the new section 1001 charges were contained in the old section 542 charges and that therefore the superseding indictment related back to the original indictment for purposes of the statute of limitations, the considerations underlying the protection of the accused by the statute of limitations, such as knowledge of an accusation, discovery of facts, and preparation and readiness for trial, were not bypassed or overlooked by the Ninth Circuit. That court emphasized:

> "The substitution of the general false statement provision in 18 U.S.C. § 1001 for the more specific false statement provision in 18 U.S.C. § 542 did not expand or broaden the charges against Sears, since all the elements of a section 1001 prosecution are included in a section 542 charge ... [n]or did the addition of a reference to dumping duties constitute a substantial change in the superseding indictment."

*United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d at 779 (citations omitted).

Moreover, the Ninth Circuit stated that the government had made Sears aware of its concern from the start, of alleged attempts by Sears to circumvent the dumping duties. *Id.* at 779. Since Sears was put on notice of the section 542 charges in a timely manner, and so was able to prepare a defense with the same facts that would support its defense against the section 1001 charges, the rights protected by the statute of limitations were not violated.

That reasoning, however, does not address the problems confronting an accused

where the government violates the Speedy Trial Act. The accused's rights would be seriously undermined if the same "statute of limitations" relation back doctrine were to be applied in determining the extent of the protections of the Speedy Trial Act.

The rationale behind the Speedy Trial Act is to avoid unnecessary delay in the commencement of trial. Congress was "concerned about a number of problems ... that vex an individual who is forced to await trial for long periods of time." *United States v. Pollock*, 726 F.2d 1456, 1469 (9th Cir.1984). These problems, which vex a corporation just as much as they vex an individual, include being forced to exist under "a cloud of anxiety, suspicion, and hostility"; a "draining of resources"; subjection to "public and commercial obliquoy"; restraint on liberty; and loss of contracts, customers and public good will. Legislative History of the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.*, Pub.L. No. 93–619, 1974 U.S.CODE CONG. & ADMIN. NEWS (88 Stat. 2076) 7401, 7408.

To address these concerns, Congress enacted strict time limits within which each stage of prosecution is to be completed, including the time period of 70 days from the date the action occasioning the trial becomes final. 18 U.S.C. § 3161(d)(2). The sanctions provisions of 18 U.S.C. § 3162(a)(2) is the proper tool to enforce those time limits and to ensure that all defendants under indictment receive a speedy trial.

Here, the seventy day time limit began to run after the issuance of the mandate and its re-lodging by the district court on January 23, 1987.[2] Obviously the government then had 70 days, that is, until April 3, 1987, in which to bring this case to trial, or at least to take some action to seek excludable time under the Speedy Trial Act. The government took no formal action whatsoever until June 23, 1987, well past the 70 day limitation. Such a violation of the Speedy Trial Act, which occurred more than seven years after the dismissal sanctions became effective under section 3163(e), certainly merits imposition of the

dismissal sanction. The delay here has forced the defendant to remain under the cloud of an untried indictment without a resolution of the pending charges for an unnecessary length of time, with the resulting continuous harm to reputation, and other vexatious problems noted by Congress.

This court rejects the government's claim that the superseding indictment filed on January 17, 1984 relates back to the original indictment filed on February 26, 1980 for purposes of the Speedy Trial Act, thereby eliminating the dismissal sanction for unexcused delays of more than 70 days. Such a claim does not comport with our inherent notions of justice and fairness to the accused. By relying upon a purely fortuitous original filing date which predates the effective date of the sanctions provision, the government attempts to excuse an admittedly excessive delay and violation of the Speedy Trial Act with a strained use of the relation back theory in the present case.

This court cannot and will not embrace such an unjust result based upon a tenuous use of the relation back theory. Therefore, the sanctions provision of the Speedy Trial Act, section 3162(a)(2), is available, and the indictment must be dismissed for failure to abide by the Speedy Trial Act time limits. Moreover, dismissal with prejudice is proper because, "if the government's behavior in this case were to be tacitly condoned by dismissing the indictment without prejudice, then the Speedy Trial Act would become a hollow guarantee." *United States v. Taylor*, 821 F.2d 1377, 1386 (9th Cir. 1987), *U.S. appeal pending.*

*Rule 48(b) F.R.Crim.P.*

◼ Even if the indictment does relate back for purposes of section 3163(c) and therefore the mandatory sanctions provision of the Speedy Trial Act is not technically available, the court still has a separate and independent basis for dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure. *See United States v. Mehrmanesh*, 652 F.2d 766, 771 (9th Cir. 1980).

**2.** See note 1 and analysis therein.

Rule 48(b) explicitly authorizes dismissal "if there is unnecessary delay in bringing a defendant to trial." This rule grants the trial court "inherent power, derived from common law, to dismiss a case for want of prosecution...." *United States v. Simmons,* 536 F.2d 827, 832 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976).

■ Moreover, in the case of unnecessary delay, the trial court has discretion to dismiss an indictment with prejudice, although "such power should be utilized with caution and only after a forewarning of the consequences." *Simmons,* 536 F.2d at 834. Here, we find that both the cautionary and forewarning requirements have been met.

It is true, of course, that in *United States v. Hattrup,* 763 F.2d 376, 377 (9th Cir.1985), the Ninth Circuit reversed the dismissal of an indictment with prejudice, because the element of caution was not met. The Court held that its reversal of the trial court was based on several factors, but particularly upon "the absence of prosecutorial misconduct...." *Id.* at 378.

■ But here, prosecutorial misconduct arises from the manner in which the government failed to bring this case to trial. The government clearly erred in failing to take any formal action to move this case toward trial until 5 months after the re-lodging of the appellate mandate by the district court on January 23, 1987.

Moreover, the action which the government did take—namely, a telephone call and a letter to a district court clerk from the prosecutor—not only did not stop the running of the Speedy Trial "clock", but indeed, constituted a highly improper and imprudent means of communication with the district court. The undated letter, attached to a covering memorandum dated March 27, 1987, stated that in a telephone conversation with the clerk on February 2, 1987, the government had been informed that a "duplicate" of the Ninth Circuit's mandate had been received by the district court on January 23, 1987. The letter went

on to request that the court file and spread the appellate mandate.

This type of ex parte communication is insufficient to constitute formal action on the part of the government. Further, Rule 47 of the Federal Rules of Criminal Procedure specifically provides that "an application to the court for an order shall be by *motion.* A motion other than one made during a trial or hearing shall be *in writing* unless the court permits it to be made orally." (Emphasis added).

The government is aware, or should have been aware, of its obligation under Rule 47, and therefore has no legitimate excuse for its failure to file a motion to spread the mandate or to otherwise seek to exclude time under the Speedy Trial Act before the 70 day time limit had passed. Such inexcusable delay constitutes obvious "misconduct" warranting dismissal with prejudice.

Moreover, the government was surely aware of the obligatory time limitations of the Speedy Trial Act and, therefore, was on notice that failure to comply would necessarily result in dismissal. The government's explanation for the delay was that it decided to postpone formal action in order to respect the supposed desire of the district court to await the resolution of certain issues in an unrelated civil case (*Yagman v. United States District Court*) before proceeding in this criminal case. Such an explanation cannot and does not constitute a valid excuse for the 5 month delay. The government cannot justify its failure to comply with the clear strictures and directives of the Speedy Trial Act based on its speculation as to how that district court might react to a formal motion to file and spread the mandate.

The government knew, by its own admission as early as February 2, 1987, that the appellate mandate had been received by the district court. Given the protracted history of this prosecution, with the clear prosecutorial misconduct and error in the beginning, the government was certainly aware of its obligation to move this particular case along rapidly to a trial and a conclusion by way of a verdict.

The original indictment was filed almost eight years ago. The events at issue here occurred between twelve and twenty-one years ago. Any additional delay was unwarranted and egregiously prejudicial to the accused, and thus cannot be tolerated. Dismissal with prejudice is clearly warranted by Rule 48(b) Fed.R.Crim.P. and is within the Court's inherent power to do justice.

*Constitutional Right to Speedy Trial*

■ The indictment must also be dismissed on the ground that Sears' Sixth Amendment right to a speedy trial has been violated. The Supreme Court, in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), set forth a number of factors to be considered in determining whether a Sixth Amendment violation has occurred. They include: (1) the length of delay prior to trial; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay.

■ As stated earlier, the original indictment was filed almost eight years ago. The Speedy Trial Act guidelines and time limits were triggered by the issuance and re-lodging of the appellate mandate on January 23, 1987,[3] and the government had a clear obligation to proceed to trial before April 3, 1987. The government instead took no formal action whatsoever until June 23, 1987. This delay was unwarranted and particularly intolerable given the lengthy history of this case. The defendant actively asserted its right to a speedy trial by filing the motion to dismiss for the government's failure to abide by the Speedy Trial Act guidelines. The prejudice to the accused is clearly evident in the five months of unjustified and inexcusable delay.

Dismissal on the basis of a violation of the Constitutional Sixth Amendment right to a speedy trial is therefore warranted and, accordingly, the indictment must be dismissed on this ground as well.

CONCLUSION AND ORDER

For all of the foregoing reasons, the court concludes that the defendant's right to a speedy trial was violated and, accordingly, the indictment must be dismissed with prejudice.

Now, therefore, this matter having come on regularly for hearing before the Honorable A. Andrew Hauk, United States District Judge, on August 10, 1987; and the Court having fully considered the pleadings and papers submitted by counsel for both parties, including the points and authorities submitted in support of and in opposition to the motion; the findings proposed by and objections of both parties; and the arguments made by counsel at the hearing; and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That Defendant–Movant's motion for dismissal of the indictment for violation of its right to a speedy trial is granted;

2. That the indictment is dismissed with prejudice;

3. That the Clerk of the Court shall file and enter this Opinion and Order forthwith, and serve copies upon counsel of record herein.

---

**3.** See note 1 and analysis therein.