No. 61,581

CITY OF ELKHART, *Appellant*, v. LANNING BOLLACKER, *Appellee.*
(757 P.2d 311)

Opinion filed July 8, 1988.

*William J. Graybill*, of Graybill & Richardson, of Elkhart, argued the cause and was on the brief for the appellant.

*Kurt W. Ratzlaff*, of Garden City, argued the cause, and *John D. Osborn*, of Calihan, Brown, Osborn, Burgardt & Wurst, of Garden City, was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The City of Elkhart appeals from an order of the district court of Morton County dismissing this case because the defendant, Lanning Bollacker, was not brought to trial within 180 days from the date of certification and filing of the municipal court transcript in the district court. Two issues are raised: (1) Does K.S.A. 22-3402(2) apply to a defendant who is charged with a violation of a municipal ordinance and who has neither been in custody nor required to post an appearance bond; and (2) was the delay in this case partially the fault of the defendant?

The facts are not disputed. On January 2, 1987, the City of Elkhart filed a complaint in municipal court charging Lanning Bollacker with the unlawful discharge of a firearm within the City on New Year's Day, 1987. Bollacker was served with the complaint and a notice to appear. He appeared, was tried, and was found guilty and fined $50. He filed a notice of appeal to the district court. The record was certified by the municipal court and was filed in the office of the clerk of the district court on February 24, 1987. A few days later, defendant's attorney wrote to the judge of the municipal court inquiring whether an appearance bond was necessary; there was no response, and consequently no appearance bond was ever filed.

On March 6, 1987, defense counsel asked that the trial be set for March 30. The city prosecutor responded that his witnesses would not be available on that date, and trial was not set. In mid-August, defense counsel advised the prosecutor that he could not try the case for two weeks; within this time frame, however, he also notified the prosecutor that he would have to withdraw. On August 25, defense counsel wrote to the district judge, asking leave to withdraw. Also on August 25, 181 days after the record was certified and filed, the case was set for trial on September 3. New counsel for the defendant appeared and moved to dismiss pursuant to K.S.A. 22-3402(2). On September 17, the trial court dismissed for failure to bring defendant to trial within 180 days as required by statute. The City appeals.

Unless there is good reason to believe that the accused person will not appear in response to a notice to appear, a notice to appear is issued in municipal court proceedings. See K.S.A. 12-4203 and -4206. The form of notice to appear prescribed in our statutes contains a place for the accused to sign, agreeing that he or she will appear in court at the time and place specified. See K.S.A. 12-4204 and K.S.A. 1987 Supp. 12-4205. The record in this case does not contain the original complaint or the notice to appear, and thus we are not advised whether Bollacker agreed in writing to appear. However, there is nothing before us to suggest that he ever failed to appear as required.

We turn to the first issue. K.S.A. 22-3402(2) provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

Subsection 3 provides exceptions to the time limits where a defendant is incompetent; where a proceeding to determine his competency to stand trial is pending; where material evidence is unavailable; or where, because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed by the statute. None of these exceptions are applicable here.

Bollacker, as we noted above, was not required to post a bond; he was simply notified to appear. In the case of *City of Overland Park v. Fricke*, 226 Kan. 496, 601 P.2d 1130 (1979), we held that

K.S.A. 22-3402(2) is applicable to criminal cases appealed to the district court from municipal court. We said:

"We hold that in district court cases involving appeals from municipal courts, the time limitations provided in K.S.A. 1977 Supp. 22-3402 shall commence to run from the date the appeal is docketed in district court or at the expiration of the time the appeal should have been docketed under the time schedule set forth in K.S.A. 1977 Supp. 22-3609(3), whichever occurs first. This holding places a duty on the city to see that the appeal is docketed in a timely fashion. The time limitations for trial in district court should commence to run when there is, or should be, a complaint against the defendant pending in the district court." 226 Kan. at 502.

Fricke, unlike Bollacker, was required to post an appearance bond. We do not find the distinction important. As we noted in *Fricke*, the legislature intended that persons charged with crime should be granted a prompt and speedy trial. In *State v. Brockelman*, 173 Kan. 469, 249 P.2d 692 (1952), cited in *Fricke*, 226 Kan. at 501, we noted that the speedy trial statute was intended to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time and to prevent delays in the administration of justice. K.S.A. 21-3813(2) provides in part that "[a]ny person who is released upon his or her own recognizance, without surety, or who fails to appear in response to a summons or traffic citation, shall be deemed a person released on bond." This reinforces our holding in *Brockelman* and *Fricke* that the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges.

The City argues that the definitions of appearance bond, custody, and notice to appear support its reasoning that K.S.A. 22-3402 is inapplicable to the present situation. K.S.A. 1987 Supp. 22-2202 reads in pertinent part:

"(2) 'Appearance bond' means an agreement, with or without security, entered into by a person in custody by which the person is bound to comply with the conditions specified in the agreement.

. . . .

"(9) 'Custody' means the restraint of a person pursuant to an arrest or the order of a court or magistrate.

. . . .

"(15) 'Notice to appear' means a written request, issued by a law enforcement officer, that a person appear before a designated court at a stated time and place."

The City argues that an appearance bond is used when a person is in custody, whereas use of a notice to appear (which was

issued to the defendant) does not require the person to ever be placed in custody or to file an appearance bond. Thus, contends the City, this distinguishing factor supports its proposition that 22-3402(2) applies only to those subject to an appearance bond and is inapplicable when a notice to appear is issued and no appearance bond is required.

We have not overlooked this and other arguments of the City. One served with a notice to appear, however, is not free from restraint. While failure to respond to a notice issued by a municipal court is excepted from the statute which makes failure to appear a Class B misdemeanor (K.S.A. 21-3813), if one served with a notice to appear in municipal court fails to appear, then a warrant for that person's arrest may be issued. K.S.A. 1987 Supp. 12-4209. Thus, the threat of arrest is present, so long as the criminal proceeding is pending.

For the reasons stated above, we adhere to our opinion in *City of Overland Park v. Fricke,* and hold that K.S.A. 22-3402(2) is applicable to criminal cases appealed to the district court from municipal court, whether bond is required or whether the accused is simply served with a notice to appear and is thus required to appear without posting bond.

The second issue requires little discussion. The accused did not request a continuance at any stage of the proceeding. He asked for a trial date shortly after the appeal was filed, but the prosecution could not proceed on the date proposed. The City took no steps to bring the matter to trial and, at the time the case was first set for trial in the district court, 181 days had expired. Trial was not delayed because of the withdrawal of defense counsel, nor because defendant's attorney could not try the case on the date set, nor because the court did not have time to commence the trial of the case because of other cases pending. The accused is not required to take affirmative action to see that his right to a speedy trial is observed; to the contrary, the burden of bringing an accused to trial within the allotted time is entirely on the prosecution. *State v. Maas,* 242 Kan. 44, 48, 744 P.2d 1222 (1987); *State v. Bean,* 236 Kan. 389, Syl. ¶ 1, 691 P.2d 30 (1984). There were no delays in this case occasioned by the application or fault of the defendant. The City simply did not meet its burden of bringing the defendant to trial within the statutory period.

The judgment is affirmed.