No. 111,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SPENCER GIFTS, LLC,
*Appellee*.

SYLLABUS BY THE COURT

1.

Whether the district court erred in applying K.S.A. 2014 Supp. 22-3402(b) to a particular defendant raises an issue of statutory construction, a matter over which appellate review is de novo.

2.

K.S.A. 2014 Supp. 22-3402 guarantees a criminal defendant's right to a speedy trial.

3.

In *City of Elkhart v. Bollacker*, 243 Kan. 543, 545, 757 P.2d 311 (1988), the Kansas Supreme Court recognized the legislature's intent that persons charged with crimes should be granted prompt and speedy trials to prevent the oppression of citizens by holding criminal prosecutions suspended over those persons for an indefinite time and to prevent delays in the administration of justice, and the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges. Based upon *Bollacker*, the provisions of K.S.A. 2014 Supp. 22-3402 apply to criminal defendants whose appearances were secured by receiving a notice to appear or a summons, and the

1

180-day time limitation provided for in K.S.A. 2014 Supp. 22-3402(b) applies to such defendants.

4.

When the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with the court's interpretation.

5.

The provisions of K.S.A. 2014 Supp. 22-3402 apply to a corporate defendant, including a limited liability company.

Appeal from Johnson District Court; JANICE D. RUSSELL, judge. Opinion filed April 24, 2015. Affirmed.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Tricia A. Bath*, *Thomas J. Bath*, and *Mitch E. Biebighauser*, of Bath & Edmonds, P.A., of Overland Park, for appellee.

Before MALONE, C.J., MCANANY and SCHROEDER, JJ.

MCANANY, J.:  The State of Kansas appeals from the district court's decision to dismiss a criminal complaint against Spencer Gifts, LLC, due to a violation of statutory speedy trial rights under K.S.A. 2014 Supp. 22-3402(b). The State contends the speedy trial provision of K.S.A. 2014 Supp. 22-3402(b) does not apply to an LLC that was never held to answer on an appearance bond.

On October 6, 2010, the State filed a criminal complaint against Spencer Gifts, LLC, charging it with promoting obscenity that was harmful to minors pursuant to K.S.A. 21-4301c. A summons was issued which directed Spencer Gifts to appear in court on October 27, 2010. Spencer Gifts appeared through counsel at the appointed time and entered a plea of not guilty. During the pendency of the action, Spencer Gifts continued to appear as the case was pending in district court. Spencer Gifts requested continuances from November 2010 until June 2011.

Spencer Gifts contended that it had a statutory right to a speedy trial. It did not assert a constitutional speedy trial claim. In response, the State requested that the district court determine whether K.S.A. 2014 Supp. 22-3402(b) applied. The State argued the speedy trial statute did not apply because Spencer Gifts had been ordered to appear by summons and, therefore, was not held on an appearance bond. Following a hearing in June 2013, the district court judge agreed with the State and determined that Spencer Gifts had not been held to answer on an appearance bond: "A corporation has never been in custody, never been on a bond in this case. So I'm going to find there is no speedy trial violation." The district court judge also ruled that the LLC was not a "person" as contemplated under the speedy trial statutes "based on the status of the defendant as a corporation."

Shortly before trial in February 2014, Spencer Gifts moved to dismiss for violation of its speedy trial rights, more than 180 days having passed since commencement of the action without the matter being brought to trial. It argued that Kansas courts had applied the speedy trial statute to individuals who were charged with a crime but were not held on an appearance bond. See *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988) (defendant commanded to appear by notice to appear); *State v. Palmquist*, No. 103,914, 2011 WL 767861 (Kan. App. 2011) (unpublished opinion) (defendant commanded to appear by summons), *rev. denied* 292 Kan. 968 (2011). In response, the State maintained

3

its position that because Spencer Gifts was not held on an appearance bond, K.S.A. 2014 Supp. 22-3402(b) did not apply.

The motion was reassigned to a senior district court judge who, relying on the holdings in *Bollacker* and *Palmquist*, ruled that the speedy trial statute applied to Spencer Gifts regardless of the fact that it had been ordered to appear by summons. The court determined that based on the passage of time, Spencer Gifts' statutory speedy trial rights under K.S.A. 2014 Supp. 22-3402(b) had been violated. The court dismissed the complaint, and the State appeals.

On appeal, the State argues that the district court erred in applying K.S.A. 2014 Supp. 22-3402(b) to Spencer Gifts, a limited liability company that was not subject to an appearance bond. This contention raises an issue of statutory construction, a matter which we review de novo. *State v. Arnett*, 290 Kan. 41, 47, 223 P.2d 780 (2010). As a general rule, criminal statutes are strictly construed in favor of the accused. The rule is constrained by the rule that the interpretation of a statute must be reasonable and sensible to affect the legislative design and intent of the law. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. See *State v. Beaman*, 295 Kan. 853, 868, 286 P.3d 876 (2012).

K.S.A. 2014 Supp. 22-3402 guarantees a criminal defendant's right to a speedy trial. K.S.A. 2014 Supp. 22-3402(b)—formerly K.S.A. 22-3402(2)—provides:

> "If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)."

4

Spencer Gifts was not held to answer on an appearance bond. See K.S.A. 22-2202(2) (defining appearance bond). Instead, the prosecution against Spencer Gifts was initiated by a summons, which is "a written order issued by a magistrate directing that a person appear before a designated court at a stated time and place and answer to a charge pending against the person." K.S.A. 22-2202(19).

Spencer Gifts relies on *Bollacker*. There, the defendant was charged by means of a complaint, and he received a notice to appear in municipal court for unlawful discharge of a firearm. Bollacker appeared for trial and was found guilty. He appealed his conviction to the district court. Bollacker's attorney wrote to the municipal court about the necessity of an appearance bond, but there was no appearance bond filed. Bollacker was merely notified to appear, and Bollacker never failed to appear during the pendency of the action. After several delays, his counsel filed a motion to dismiss based on K.S.A. 22-3402(2) (Ensley 1981), and the district court granted the motion based on a violation of Bollacker's speedy trial rights.

Spencer Gifts argues that the situation in this case is similar to that in *Bollacker*. In both cases, the defendants were not required to post a bond; rather, they were merely notified to appear. The *Bollacker* court relied on the holding in *City of Overland Park v. Fricke*, 226 Kan. 496, 502, 601 P.2d 1130 (1979), noting that the defendant in *Fricke* had posted an appearance bond, but the court found no significance in the distinction. *Bollacker*, 243 Kan. at 545. In *Fricke*, our Supreme Court found that the time limitations provided in K.S.A. 1977 Supp. 22-3402 should begin to run from the date the appeal is docketed in the district court or at the expiration of the time the appeal should have been docketed, whichever occurs first. 226 Kan. 502.

The *Bollacker* court recognized the legislature's intent that "persons charged with crime should be granted a prompt and speedy trial . . . [t]o prevent the oppression of a citizen by holding criminal prosecutions suspended over [the person] for an indefinite

5

time and to prevent delays in the administration of justice." 243 Kan. at 545. The *Bollacker* court pointed to K.S.A. 21-3813(2) (Ensley 1981), which provided in part that "'[a]ny person who is released upon his or her recognizance, without surety, or who fails to appear in response to a summons or traffic citation, shall be deemed a person released on bond.'" 243 Kan. at 545. Thus, "the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges." 243 Kan. at 545.

Spencer Gifts asserts that the holding in *Bollacker* does not depend on the form in which the defendant is commanded to appear. Instead of the threat of arrest, Spencer Gifts was under the threat of sanction throughout the criminal process for failure to appear. On two occasions, the district court commanded Spencer Gifts to personally appear despite the local rule and statutory provision allowing misdemeanor defendants to appear through counsel. See K.S.A. 2014 Supp. 22-3204(c).

A panel of this court reaffirmed the *Bollacker* holding in *Palmquist*, 2011 WL 767861, at *4-5. In that case, the defendant had received several driving-related citations by mail directing him to appear in district court. Palmquist appeared, was arraigned, and entered a plea of not guilty but was not taken into custody. After several delays, the case was dismissed without prejudice due to the State's inability to proceed without an unavailable witness. The case was later refiled, and Palmquist was ordered to appear for arraignment in the refiled case by summons. Palmquist appeared, entered a plea of not guilty, but was not taken into custody.

Palmquist moved to dismiss based upon a violation of his speedy trial rights. The district court applied the speedy trial statute and dismissed the charges despite the fact that Palmquist was held to answer by way of a summons rather than an appearance bond. The panel majority reasoned:

6

"We find the legal analysis in *Bollacker* is sound and the outcome practical. Both a summons and a notice to appear compel appearance at a future hearing without the need to post security, which is comparable to many appearance bonds used to secure appearance at a future hearing. . . . Moreover, a person who receives a summons or a notice to appear is subject to a degree of restraint that is, for all practical purposes, identical to the degree of restraint imposed upon a person who is not required to post bail but held to answer to pending charges based on an appearance bond. And, whether secured by notice to appear, summons, or appearance bond, nonappearance could result in a conviction for failure to appear, a class B nonperson misdemeanor. See K.S.A. 21-3813(a), (b), and (d)." *Palmquist*, 2011 WL 767861, at *4.

The State points to caselaw in which the Kansas courts have interpreted the plain language of K.S.A. 22-3402 and found that it did not apply. However, the *Palmquist* court addressed those cases and distinguished their holdings:

"Although citing to several cases that have held K.S.A. 22-3402(2) only applies to defendants who are charged with a crime and subject to an appearance bond, we find each of them factually distinguishable. In *State v. Mathenia*, 262 Kan. 890, 942 P.2d 624 (1997), and *State v. Strong*, 8 Kan. App. 2d 589, 663 P.2d 668, *rev. denied* 233 Kan. 1093 (1983), the defendants were awaiting trial on pending charges in one case but in custody and serving sentences pursuant to convictions in another case. The *Mathenia* and *Strong* courts held that that the time periods of K.S.A. 22-3402(1) and (2) were inapplicable to the defendants because in both cases, the defendants (1) were not held in custody solely by reason of the pending charges, and (2) were not held to answer for the pending charges based on an appearance bond. *Mathenia*, 262 Kan. 897-900; *Strong*, 8 Kan. App. 2d at 592-93. In *State v. Blizzard*, 43 Kan. App. 2d 418, 421-23, 225 P.3d 773 (2010), the court held that the time period during which the State's appeal was pending from a district court's dismissal of a complaint did not count for statutory speedy trial purposes because, under K.S.A. 22-3604(1), the defendant was not held in jail or subject to an appearance bond while the appeal was pending." *Palmquist*, 2011 WL 767861, at *3.

The *Palmquist* court rejected the holdings in these cases in favor of our Supreme Court's holding in *Bollacker*. In *State v. Blizzard*, 43 Kan. App. 2d 418, 423, 225 P.3d 773 (2010), the distinguishing factor was that the defendant was not held on any court order restricting his liberty. In this case, the corporate defendant was subject to a summons.

The State now reasserts the arguments that were rejected by a panel of this court in *Palmquist*. The State argues that *Bollacker* and *Palmquist* were wrongly decided, having ignored the plain and unambiguous language of the statute. On the other hand, Spencer Gifts argues that this court should not conduct statutory interpretation when the holding in *Bollacker* is still binding precedent. "[W]hen the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with the court's interpretation. [Citations omitted.]" *Clanton v. Estivo*, 26 Kan. App. 2d 340, 343, 988 P.2d 254 (1999). Spencer Gifts argues that the holding in *Bollacker*, which has already interpreted the statute in favor of Spencer Gifts, controls.

The State argues the facts of this case are different because the defendant is a limited liability company rather than an individual, who is subject to arrest for nonappearance. Spencer Gifts, as a limited liability company, cannot be arrested by a surety. See K.S.A. 22-2809. A corporation also cannot be held in jail under K.S.A. 2014 Supp. 22-3402(a). See *Continental Insurance Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398, 407 (Alaska 1976) (a corporation cannot be incarcerated); *State v. Pennsylvania Railroad Co.*, 9 N.J. 194, 200, 87 A.2d 709 (1952) (the defendant, being a corporation, cannot be incarcerated); *State v. Summers*, 692 S.W.2d 439, 443-44 (Tenn. Crim. App. 1985) ("Since corporations cannot be incarcerated, fines are the only punishment which can be levied against them.").

Despite the fact that corporations cannot be incarcerated, constitutional speedy trial rights have been applied to corporate defendants. See *United States v. Rivera Const.*

8

*Co.*, 863 F.2d 293, 295 (3d Cir. 1988); *United States v. Litton Systems, Inc.*, 722 F.2d 264 (5th Cir. 1984); *United States v. Stein*, 456 F.2d 844 (2d Cir. 1972), *cert. denied* 408 U.S. 922 (1972). In *United States v. Sears, Roebuck and Co., Inc.*, 677 F. Supp. 1042, 1046-48 (C.D. Cal. 1988), *rev'd on other grounds* 877 F.2d 734 (9th Cir. 1989), the California federal district court discussed whether the federal speedy trial act should apply to corporations. The court stated:

> "These problems [caused by delayed prosecution], which vex a corporation just as much as they vex an individual, include being forced to exist under 'a cloud of anxiety, suspicion, and hostility'; a 'draining of resources'; subjection to 'public and commercial obliquoy'; restraint on liberty; and loss of contracts, customers and public good will." 677 F. Supp. at 1046.

In *State v. Empak, Inc.*, 889 S.W.2d 618, 623 (Tex. App. 1994), the Texas Court of Appeals found:

> "Corporations have a speedy trial right under federal and Texas constitutions. In Texas, a speedy trial right is also assured by TEX.CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977), and the Code of Criminal Procedure expressly applies to corporations. [Citation omitted.] Empak argues that without a speedy trial right, the State could file charges against a corporation and delay service indefinitely in dereliction of legislatively promulgated statute of limitations. . . . In addition to relieving the defendant of unnecessary consequences associated with being criminally accused, the right to a speedy trial exists to promote society's interest in promptly disposing of criminal charges to enhance the administration of justice. [Citation omitted.]"

K.S.A. 2014 Supp. 21-5211(a) provides that corporations can be criminally liable under our criminal code: "A corporation is criminally responsible for acts committed by its agents when acting within the scope of their authority." Here, Spencer Gifts was subject to criminal penalties for failure to appear by summons. See K.S.A. 2014 Supp. 21-5915. Had Spencer Gifts failed to appear, K.S.A. 2014 Supp. 21-5915(c)(1)

authorized its prosecution for a class B misdemeanor. K.S.A. 2014 Supp. 21-6611(b)(2) also authorizes the imposition of a fine for nonappearance. See *State v. Davis*, 266 Kan. 638, 645, 972 P.2d 1099 (1999) (criminal contempt proceedings are brought to preserve power and vindicate dignity of courts and to punish for disobedience of its orders).

We conclude that the district court was correct in relying on *Bollacker*, which construed the language of K.S.A. 22-3402(2) to include criminal defendants whose appearances were secured by receiving a notice to appear or a summons. Based on our Supreme Court's opinion in *Bollacker*, the district court correctly dismissed this case under the 180-day time limitation provided for in K.S.A. 2014 Supp. 22-3402(b).

Affirmed.

* * *

MALONE, C.J., dissenting: I respectfully dissent. Although the majority has faithfully followed the relevant precedent set forth in *City of Elkhart v. Bollacker*, 243 Kan. 543, 757 P.2d 311 (1988), I believe our Supreme Court would no longer follow its decision in *Bollacker* because that decision ignores the plain and unambiguous language of the Kansas speedy trial statute. Thus, I would reverse the district court's decision to dismiss the case and remand for further proceedings.

Spencer Gifts, LLC, was charged with 10 counts of promoting obscenity that was harmful to minors in violation of K.S.A. 21-4301c. The prosecution was initiated by the issuance of a summons, which directed Spencer Gifts to appear in court. Spencer Gifts appeared through counsel at the directed time and entered a plea of not guilty. During the pendency of the action, Spencer Gifts continued to appear and was not held to answer on an appearance bond. The State does not dispute that Spencer Gifts was not brought to trial within 180 days after arraignment. The district court ultimately dismissed the

complaint based upon a violation of Spencer Gift's statutory right to a speedy trial. Spencer Gifts did not assert its constitutional right to a speedy trial.

K.S.A. 2014 Supp. 22-3402 addresses a criminal defendant's right to a speedy trial. K.S.A. 2014 Supp. 22-3402(b)—formerly K.S.A. 22-3402(2)—provides:

"If any person charged with a crime *and held to answer on an appearance bond* shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)." (Emphasis added.)

The legislature knows the difference between an appearance bond as opposed to a notice to appear or a summons as it has defined the terms differently in the Kansas Code of Criminal Procedure. An appearance bond is defined as "an agreement, with or without security, entered into by a person in custody by which the person is bound to comply with the conditions specified in the agreement." K.S.A. 22-2202(2). A notice to appear is defined as "a written request, issued by a law enforcement officer, that a person appear before a designated court at a stated time and place." K.S.A. 22-2202(15). A summons is defined as "a written order issued by a magistrate directing that a person appear before a designated court at a stated time and place and answer to a charge pending against the person." K.S.A. 22-2202(19). The primary distinction between the terms is that an appearance bond applies only to a person placed in custody, whereas a notice to appear and a summons apply to persons never placed in custody.

The district court dismissed the complaint against Spencer Gifts based on this court's decision in *State v. Palmquist*, No. 103,914, 2011 WL 767861 (Kan. App. 2011) (unpublished opinion), *rev. denied* 292 Kan. 968 (2011), which in turn followed our Supreme Court's decision in *Bollacker*. In *Bollacker*, the defendant received a notice to appear in municipal court for unlawful discharge of a firearm. The defendant appeared

11

for trial, was found guilty as charged, and appealed his conviction to the district court. After several delays, the defendant filed a motion to dismiss under the speedy trial statute and the district court granted the motion. Although the defendant had received a notice to appear in court and was not being held to answer on an appearance bond, the *Bollacker* court did not find the distinction to be "important." 243 Kan. at 545. The court affirmed the district court's dismissal and held that the Kansas speedy trial statute is applicable to criminal cases "whether bond is required or whether the accused is simply served with a notice to appear and is thus required to appear without posting bond." 243 Kan. at 546.

A divided panel of this court followed the *Bollacker* holding in *Palmquist*, 2011 WL 767861, at *4-5. In that case, the defendant received several driving-related citations by mail directing him to appear in district court. The defendant appeared, was arraigned, and entered a plea of not guilty, but was not taken into custody. After several delays, the district court applied the speedy trial statute and dismissed the charges despite the fact that the defendant was held to answer by way of a summons rather than an appearance bond. On appeal, this court affirmed the dismissal following the analysis in *Bollacker*. *Palmquist*, 2011 WL 767861, at *7. The dissent in *Palmquist* noted that our Supreme Court's decision in *Bollacker* failed to apply the plain language of the Kansas speedy trial statute which only applies to persons charged with a crime and held to answer on an appearance bond. *Palmquist*, 2011 WL 767861, at *7-9 (Buser, J., dissenting).

The Kansas Supreme Court denied a petition for review in *Palmquist*. However, "[t]he denial of a petition for review imports no opinion on the merits of the case." Kansas Supreme Court Rule 8.03(g) (2014 Kan. Ct. R. Annot. 80).

I agree with the dissent in *Palmquist* that our Supreme Court's decision in *Bollacker* failed to apply the plain language of the Kansas speedy trial statute. K.S.A. 2014 Supp. 22-3402(b) clearly and unambiguously provides that any person charged with a crime *and held to answer on an appearance bond* shall be brought to trial within 180

days after arraignment. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Phillips*, 299 Kan. at 495.

As the majority opinion concedes, our Supreme Court's decision in *Bollacker* "broadened the language of K.S.A. 22-3402 to include criminal defendants whose appearance was secured by receiving a notice to appear or a summons." But as Judge Buser's dissent in *Palmquist*, 2011 WL 767861, at *7, noted, our Supreme Court has emphasized the duty of courts to follow plain and unambiguous statutory language. See, *e.g.*, *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *Frick v. City of Salina*, 289 Kan. 1, 8, 208 P.3d 739 (2009). In *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 610, 214 P.3d 676 (2009), our Supreme Court overruled 15 years of Court of Appeals precedent because the decisions from the Court of Appeals "were decided contrary to the principle that an appellate court must give effect only to expressed statutory language, rather than speculating what the law should or should not be." Moreover, in *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009), our Supreme Court disapproved some of its own previous decisions because they were decided contrary to the legislative mandate imposed by the "plain language of K.S.A. 60-404." See *Palmquist*, 2011 WL 767861, at *7 (Buser, J., dissenting).

13

The *Bollacker* court recognized that K.S.A. 21-3813 (Ensley 1981), now recodified at K.S.A. 2014 Supp. 21-5915, established the misdemeanor offense of failure to appear, and K.S.A. 21-3813(b) provided in part that "'[a]ny person who is released on his or her recognizance, without surety, or who fails to appear in response to a summons or traffic citation, shall be deemed a person released on bond.'" 243 Kan. at 545. The *Bollacker* court indicated that this statutory language reinforced its conclusion that "the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges." 243 Kan. at 545.

Interestingly, the *Bollacker* court only partially quoted the language in the failure to appear statute. The complete language of K.S.A. 21-3813(b) provided that a person who fails to appear in response to a summons or traffic citation "shall be deemed a person released on bond for appearance within the meaning of subsection (a)," *i.e.*, only for the purpose of establishing the criminal offense of failure to appear—without any relation to the speedy trial statute. In other words, K.S.A. 21-3813(b) did not express a legislative intent that persons made to appear in court in response to a notice to appear or a summons are to be treated the same as persons held to answer on an appearance bond for the purpose of determining speedy trial rights.

If the legislature intended for the speedy trial statute to apply to persons made to appear in court in response to a notice to appear or a summons, the legislature could have easily drafted the statute to say so. Instead, K.S.A. 2014 Supp. 22-3402(b) clearly and unambiguously applies only to persons "held to answer on an appearance bond." This language is rendered meaningless if the speedy trial statute is broadly interpreted, as in the *Bollacker* and *Palmquist* decisions, to include criminal defendants whose appearance is secured by receiving a notice to appear or a summons.

Spencer Gifts points out that the legislature has not modified the speedy trial statute since *Bollacker* was decided to clarify that the right to a speedy trial does not

14

apply to persons made to appear in court on a notice to appear or a summons. When the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with that judicial construction. *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008).

This might be a persuasive argument except for the fact that 9 years after its decision in *Bollacker*, our Supreme Court expressly stated in *State v. Mathenia*, 262 Kan. 890, 900, 942 P.2d 624 (1997), that the Kansas speedy trial statute refers only to defendants "charged with a crime and held to answer on an appearance bond." In that case, the defendant was awaiting trial on pending charges in one case but in custody and serving sentences pursuant to convictions in another case. The *Mathenia* court stated, albeit in dicta, that the defendant "was not held on an appearance bond; therefore, K.S.A. 22-3402(2) does not apply." 262 Kan. at 900. Thus, the Supreme Court itself has given mixed signals on how to interpret and apply the Kansas speedy trial statute.

If I were charged with writing the law, I would make it so that the speedy trial statute applies to any person charged with a crime, whether or not the person is held to answer on an appearance bond. For many sound policy reasons that I will not go into here, it makes little practical sense to limit the statutory speedy trial right to persons held to answer on an appearance bond. But I don't get to write the law. The legislature gets to write the law, and K.S.A. 2014 Supp. 22-3402(b) is limited to persons charged with a crime and held to answer on an appearance bond. "[N]o matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which the legislature alone can correct." *State v. Horn*, 291 Kan. 1, Syl. ¶ 1, 238 P.3d 238 (2010).

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946

15

(2012). In just the last year, our Supreme Court has repeatedly declared that when interpreting a statute to discern legislative intent, statutory language is an appellate court's paramount consideration "because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language they have chosen to use." *Merryfield v. Sullivan*, 301 Kan. 397, Syl. ¶ 2, 343 P.3d 515 (2015); see *In re Estate of Strader*, 301 Kan. 50, Syl. ¶ 3, 339 P.3d 769 (2014); *State v. Looney*, 299 Kan. 903, Syl. ¶ 3, 327 P.3d 425 (2014).

If our Supreme Court means what it says about abiding by the statutory language used by the legislature, I believe the court would no longer follow its decision in *Bollacker* because that decision ignores the plain and unambiguous language of the Kansas speedy trial statute. Based on the plain and unambiguous language of the Kansas speedy trial statute, I believe the district court erred by granting Spencer Gifts' motion to dismiss. If this case is further reviewed, the Kansas Supreme Court should clarify its conflicting language in *Bollacker* and *Mathenia*.