Malone, C.J.,
concurring: I concur with the majority opinion which faithfully follows the relevant precedent set forth in City of Elkhart v. Bollacker, 243 Kan. 543, 757 P.2d 311 (1988). However, I write separately to urge the Kansas Supreme Court to overrule its decision in Bollacker because that decision ignores the plain and unambiguous language of the Kansas speedy trial statute.
Spencer Gifts, LLC, was charged with 10 counts of promoting obscenity that was harmful to minors in violation of K.S.A. 21-4301c. The prosecution was initiated by the issuance of a summons, which directed Spencer Gifts to appear in court. Spencer Gifts *445 appeared through counsel at the directed time and entered a plea of not guilty. During the pendency of the action, Spencer Gifts continued to appear and was not held to answer on an appearance bond. The State does not dispute that Spencer Gifts was not brought to trial within 180 days after arraignment. The district court ultimately dismissed the complaint based upon a violation of Spencer Gift’s statutory right to a speedy trial. Spencer Gifts did not assert its constitutional right to a speedy trial.
K.S.A. 2014 Supp. 22-3402 addresses a criminal defendant’s right to a speedy trial. K.S.A. 2014 Supp. 22-3402(b)—formerly K.S.A. 22-3402(2)—provides:
“If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e).” (Emphasis added.)
The legislature knows the difference between an appearance bond as opposed to a notice to appear or a summons as it has defined the terms differently in the Kansas Code of Criminal Procedure. An appearance bond is defined as “an agreement, with or without security, entered into by a person in custody by which the person is bound to comply with the conditions specified in the agreement.” K.S.A. 22-2202(2). A notice to appear is defined as “a written request, issued by a law enforcement officer, that a person appear before a designated court at a stated time and place.” K.S.A. 22-2202(15). A summons is defined as “a written order issued by a magistrate directing that a person appear before a designated court at a stated time and place and answer to a charge pending against the person.” K.S.A. 22-2202(19). The primary distinction between the terms is that an appearance bond applies only to a person placed in custody, whereas a notice to appear and a summons apply to persons never placed in custody.
The district court dismissed the complaint against Spencer Gifts based on this court’s decision in State v. Palmquist, No. 103,914, 2011 WL 767861 (Kan. App. 2011) (unpublished opinion), rev. denied 292 Kan. 968 (2011), which in turn followed our Supreme *446 Court’s decision in Bollacker. In Bollacker, the defendant received a notice to appear in municipal court for unlawful discharge of a firearm. The defendant appeared for trial, was found guilty as charged, and appealed his conviction to the district court. After several delays, the defendant filed a motion to dismiss under the speedy trial statute, and the district court granted the motion. Although the defendant had received a notice to appear in court and was not being held to answer on an appearance bond, the Bollacker court did not find the distinction to be “important.” 243 Kan. at 545. The court affirmed the district court’s dismissal and held that the Kansas speedy trial statute is applicable to criminal cases “whether bond is required or whether the accused is simply served with a notice to appear and is thus required to appear without posting bond.” 243 Kan. at 546.
A divided panel of this court followed the Bollacker holding in Palmquist, 2011 WL 767861, at *4-5. In that case, the defendant received several driving-related citations by mail directing him to appear in district court. The defendant appeared, was arraigned, and entered a plea of not guilty, but was not taken into custody. After several delays, the district court applied the speedy trial statute and dismissed the charges despite the fact that the defendant was held to answer byway of a summons rather than an appearance bond. On appeal, this court affirmed the dismissal following the analysis in Bollacker. Palmquist, 2011 WL 767861, at *7. The dissent in Palmquist noted that our Supreme Court’s decision in Bol-lacker failed to apply the plain language of the Kansas speedy trial statute which only applies to persons charged with a crime and held to answer on an appearance bond. Palmquist, 2011 WL 767861, at *7-9 (Buser, J., dissenting).
The Kansas Supreme Court denied a petition for review in Pa-lmquist. However, “[t]he denial of a petition for review imports no opinion on the merits of the case.” Kansas Supreme Court Rule 8.03(g) (2014 Kan. Ct. R. Annot. 80).
I agree with the dissent in Palmquist that our Supreme Court’s decision in Bollacker failed to apply the plain language of the Kansas speedy trial statute. K.S.A. 2014 Supp. 22-3402(b) clearly and unambiguously provides that any person charged with a crime and *447 held to answer on an appearance bond shall be brought to trial within 180 days after arraignment. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. State v. Williams, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. State v. Phillips, 299 Kan. 479, 495, 325 P.3d 1095 (2014).
When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. State v. Brooks, 298 Kan. 672, 685, 317 P.3d 54 (2014). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute’s language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature’s intent. Phillips, 299 Kan. at 495.
Our Supreme Court’s decision in Bollacker broadened the language of K.S.A. 22-3402 to apply to all criminal defendants and not just to those defendants held to answer on an appearance bond. But as Judge Buser’s dissent in Palmquist, 2011 WL 767861, at *7, noted, our Supreme Court has emphasized the duty of courts to follow plain and unambiguous statutory language. See, e.g., State v. Arnett, 290 Kan. 41, 47, 223 P.3d 780 (2010); Frick v. City of Salina, 289 Kan. 1, 8, 208 P.3d 739 (2009). In Bergstrom v. Spears Manufacturing Co., 289 Kan. 605, 610, 214 P.3d 676 (2009), our Supreme Court overruled 15 years of Court of Appeals precedent because tire decisions from the Court of Appeals “were decided contrary to the principle that an appellate court must give effect only to expressed statutory language, rather than speculating what the law should or should not be.” Moreover, in State v. King, 288 Kan. 333, 349, 204 P.3d 585 (2009), our Supreme Court disapproved some of its own previous decisions because they were decided contrary to the legislative mandate imposed by the “plain language of K.S.A. 60-404.” See Palmquist, 2011 WL 767861, at *7 (Buser, J., dissenting).
*448 More recently, in O’Brien v. Leegin Creative Leather Products, Inc., 294 Kan. 318, Syl. ¶ 7, 277 P.3d 1062 (2012), our Supreme Court overruled its holdings in Okerberg v. Crable, 185 Kan. 211, Syl. ¶ 3, 341 P.2d 966 (1959), and Heckard v. Park, 164 Kan. 216, Syl. ¶ 7, 188 P.2d 926 (1948), which had applied the well-established doctrine of reasonableness to Kansas price-fixing lawsuits because, in part, those decisions did not conform with the court’s current view of statutory interpretation. In speaking for a unanimous court, Justice Carol A. Beier stated:
“There is another, more basic reason not to apply the reasonableness rubric of Heckard and Okerberg to this price-fixing case: Under the pattern for interpretation of statutes that this court has now firmly established, we are loathe to read unwritten elements into otherwise clear legislative language. [Citation omitted.] We take the legislature at its word, unless there is ambiguity, because the legislature, unlike the judiciary, is one of the branches of government charged with development of public policy on behalf of the electorate and because our deference to clear- statutory language leads to long-term predictability and stability in Kansas law. [Citation omitted.] This means that, if the Heckard and Okerberg contracts were to come before us now, it is all but certain we would not append a requirement that an antitrust plaintiff demonstrate the unreasonableness of a defendant’s trade restraint to show a statutory violation, because the clear language of the governing statutes does not require it.” 294 Kan. at 348.
The Bollacker court recognized that K.S.A. 21-3813 (Ensley 1981), now recodified at K.S.A. 2014 Supp. 21-5915, established the misdemeanor offense of failure to appear, and K.S.A. 21-3813(b) provided in part that “ c[a]ny person who is released on his or her recognizance, without surety, or who fails to appear in response to a summons or traffic citation, shall be deemed a person released on bond.’ ” 243 Kan. at 545. The Bollacker court indicated that this statutory language reinforced its conclusion that “the legislature intended to provide statutory speedy trials for all persons held to respond to criminal charges.” 243 Kan. at 545.
Interestingly, the Bollacker court only partially quoted the language in the failure to appear statute. The complete language of K.S.A. 21-3813(b) provided that a person who fails to appear in response to a summons or traffic citation “shall be deemed a person released on bond for appearance within the meaning of subsection (a),” i.e., only for the purpose of establishing the criminal offense *449 of failure to appear—without any relation to the speedy trial statute. In other words, K.S.A. 21-3813(b) did not express a legislative intent that persons made to appear in court in response to a notice to appear or a summons are to be treated the same as persons held to answer on an appearance bond for the purpose of determining speedy trial rights.
If the legislature intended for the speedy trial statute to apply to persons made to appear in court in response to a notice to appear or a summons, the legislature could have easily drafted the statute to say so. Instead, K.S.A. 2014 Supp. 22-3402(b) clearly and unambiguously applies only to persons “held to answer on an appearance bond.” This language is rendered meaningless if the speedy trial statute is broadly interpreted, as in the Bollacker and Palmquist decisions, to include criminal defendants whose appearance is secured by receiving a notice to appear or a summons.
Spencer Gifts points out that the legislature has not modified the speedy trial statute since Bollacker was decided to clarify that the right to a speedy trial does not apply to persons made to appear in court on a notice to appear or a summons. When the legislature fails to modify a statute to avoid a long-standing judicial construction of that statute, the legislature is presumed to agree with that judicial construction. Hall v. Dillon Companies, Inc., 286 Kan. 777, 785, 189 P.3d 508 (2008).
This might be a persuasive argument except for the fact that 9 years after its decision in Bollacker, our Supreme Court expressly stated in State v. Mathenia, 262 Kan. 890, 900, 942 P.2d 624 (1997), that the Kansas speedy trial statute refers only to defendants “charged with a crime and held to answer on an appearance bond.” In that case, the defendant was awaiting trial on pending charges in one case but in custody and serving sentences pursuant to convictions in another case. The Mathenia court stated, albeit in dicta, that the defendant “was not held on an appearance bond; therefore, K.S.A. 22-3402(2) does not apply.” 262 Kan. at 900. Thus, the Supreme Court itself has given mixed signals on how to interpret and apply the Kansas speedy trial statute.
If I were charged with writing the law, I would make it so that the speedy trial statute applies to any person charged with a crime, *450 whether or not the person is held to answer on an appearance bond. For many sound policy reasons that I will not go into here, it malees little practical sense to limit the statutory speedy trial right to persons held to answer on an appearance bond. But I don’t get to write the law. The legislature gets to write the law, and K.S.A. 2014 Supp. 22-3402(b) is limited to persons charged with a crime and held to answer on an appearance bond. “[N]o matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which tire legislature alone can correct.” State v. Horn, 291 Kan. 1, Syl. ¶ 1, 238 P.3d 238 (2010).
In just the last year, our Supreme Court has repeatedly declared that when interpreting a statute to discern legislative intent, statutory language is an appellate court’s paramount consideration “because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language they have chosen to use.” Merryfield v. Sullivan, 301 Kan. 397, Syl. ¶ 2, 343 P.3d 515 (2015); see In re Estate of Strader, 301 Kan. 50, Syl. ¶ 3, 339 P.3d 769 (2014); State v. Looney, 299 Kan. 903, Syl. ¶ 3, 327 P.3d 425 (2014). If this case is further reviewed, the Kansas Supreme Court should clarify its conflicting language in Bollacker and Mathenia. If our Supreme Court means what it says about abiding by the statutory language used by the legislature, the court should no longer follow its decision in Bollacker because that decision ignores the plain and unambiguous language of the Kansas speedy trial statute. See Hall, 286 Kan. at 787 (doctrine of stare decisis does not compel perpetuation of incorrect analysis of law).