NOT DESIGNATED FOR PUBLICATION

No. 126,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

MICHAEL JAMES KENNEMER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sheridan District Court; KEVIN BERENS, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM:  Defendant Michael James Kennemer appeals the Sheridan County District Court's order that he reimburse the Board of Indigents' Defense Services (BIDS) $327 for the lawyer appointed to represent him in this probation revocation proceeding. Kennemer contends the district court didn't sufficiently inquire into his financial condition before setting the reimbursement amount and, therefore, failed to comply with K.S.A. 22-4513 and *State v. Robinson*, 281 Kan. 538, 543-44, 132 P.3d 934 (2006). We find the district court was adequately informed about Kennemer's ability to reimburse BIDS and, therefore, affirm the order.

1

We review a district court's BIDS reimbursement order for abuse of judicial discretion. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Shields*, 315 Kan 131, 142, 504 P.3d 1061 (2022); *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019). As the party asserting an abuse of discretion, Kennemer bears the burden of proving the point. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Kennemer pleaded guilty to possession of methamphetamine, and the district court sentenced him in April 2023 to 30 months in prison but placed him on probation for 18 months. Within a few weeks, Kennemer had violated the conditions of his probation, so the district court imposed an intermediate sanction. Not long after that, Kennemer again violated his probation. The district court appointed a lawyer to represent Kennemer leading up to and during a revocation hearing. The district court revoked Kennemer's probation and ordered him to serve the prison sentence and to reimburse BIDS for the services of the appointed lawyer. On appeal, Kennemer challenges only the $327 BIDS reimbursement order.

During the probation revocation hearing, the district court asked Kennemer about his earning capacity and financial obligations. Kennemer indicated he had worked in at least some semi-skilled or skilled fields and had a reasonable earning potential. His responses about his financial obligations were vague, and the district court did not attempt to elicit more detailed information. But the district court had access to the presentence investigation report (PSI) prepared for Kennemer's recent sentencing. The report showed Kennemer worked full-time, had no dependents, earned $1,000 a month, and had $750 in monthly bills. Armed with all of that information, the district court ordered Kennemer to reimburse BIDS $327, the maximum scheduled amount for

2

appointed representation in a probation revocation. The district court also assessed a $100 BIDS application fee against him. Kennemer did not object to those determinations at the time.

Appellate courts have reviewed challenges to BIDS attorney fee reimbursements for the first time on appeal, especially when the defendant submits the district court failed to make the required statutory inquiry into their ability to pay, as outlined in K.S.A. 22-4513. See *State v. Garcia-Garcia*, 309 Kan. 801, 822, 441 P.3d 52 (2019); *State v. Baker*, No. 126,151, 2024 WL 2873121, at *4 (Kan. App. 2024) (unpublished opinion); *State v. Wright*, No. 123,305, 2022 WL 1280717, at *1 (Kan. App. 2022) (unpublished opinion). The *Robinson* decision arose that way. 281 Kan. at 541. The statutory duty to inquire is mandatory, so the failure to inquire thwarts the ends of justice, thereby permitting appellate review despite the lack of preservation in the district court. *Garcia-Garcia*, 309 Kan. at 822. We follow that path and turn aside the State's invitation to avoid the trek because Kennemer lodged no objection in the district court.

When a defendant has been "convicted," the district court is required to order them to repay BIDS for fees paid to their appointed lawyer under K.S.A. 22-4513(a). The reimbursement "shall be taxed against the defendant"—statutory language creating a mandatory obligation, as we have already suggested. See *Garcia-Garcia*, 309 Kan. at 822. In setting the amount to be taxed, the district court must consider the defendant's "financial resources" and "the burden" the repayment "will impose" upon the defendant. K.S.A. 22-4513(b). A district court, therefore, must explicitly gauge a particular defendant's "financial circumstances." *Robinson*, 281 Kan. at 544. That determination necessarily takes into account a defendant's assets and earning capacity on one side of the scales and their debts and ongoing financial obligations on the other. See *State v. Smith*, No. 125,463, 2024 WL 2552537, at *5-6 (Kan. App. 2024) (unpublished opinion); *State v. Mans*, No. 125,252, 2023 WL 3406550, at *3-4 (Kan. App. 2023) (unpublished

3

opinion); *State v. Quinones*, No. 124,177, 2022 WL 2112233, at *2 (Kan. App. 2022) (unpublished opinion).

Although the district court's colloquy with Kennemer during the probation revocation hearing can't be described as elaborate—and Kennemer didn't help much with his vague responses to some of the questions—we comfortably conclude the district court had sufficient information to make a reasoned determination that Kennemer could reimburse BIDS $327. The PSI, which had been completed several months earlier, provided details about Kennemer's earnings and obligations that he skirted during his appearance at the hearing. So the district court satisfied the requirements of K.S.A. 22-4513 and *Robinson*. The district court neither made a legal error nor misunderstood the relevant facts. And it reached a conclusion other district courts would have in like circumstances. There was no abuse of discretion.

On appeal, the State offers an extended argument that district courts should order BIDS reimbursements only when placing defendants on probation and not if they send defendants to prison either as an initial punishment or upon revoking their probation. The argument is specious. First, the State suggests that *Robinson* applies only when a defendant is placed on probation. But the suggestion misreads the decision and ignores the governing statutory language. It is true the district court placed Robinson on probation and ordered him to reimburse BIDS for his appointed lawyer. But the Kansas Supreme Court in no way limited its ruling to defendants put on probation—that was merely a background fact of no legal significance to the rationale or holding.

Moreover, contrary to the State's intimation, K.S.A. 22-4513 is not confined to defendants granted probation. The directive for BIDS reimbursement in K.S.A. 22-4513 applies to any defendant who "is convicted." That plainly refers to defendants adjudged to be guilty either by a jury verdict or upon a judicial finding following a plea. The statutory language includes nothing limiting the reimbursement obligation to defendants

4

placed on probation. The State's position would distort the clear statutory language by adding something not found in those words. We do not read statutes that way. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022) ("When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words."). Further undercutting the argument, comparable BIDS reimbursement language appears in K.S.A. 21-6604(i), outlining the authorized dispositions for defendants found guilty of crimes committed after July 1, 1993. That statute applies to all convicted defendants regardless of the punishment imposed. If the Legislature had intended to confine the district court's authority to order BIDS reimbursement to defendants placed on probation, it would have expressly included such a limitation in K.S.A. 22-4513 or K.S.A. 21-6604(i).

The State floated this sort of argument in *Mans*, and it sank there. 2023 WL 3406550, at *3. The argument hasn't improved with the passage of time or repetition.

To bolster its position, the State submits that district courts engage in little more than guesswork in attempting to determine how much defendants might be able to pay BIDS after they serve lengthy prison sentences. To be sure, fashioning a reimbursement amount in that circumstance entails extrapolation. But a district court necessarily extrapolates from a sound factual foundation consistent with the financial assessment required by K.S.A. 22-4513(b) and *Robinson*. The Legislature presumably is comfortable with the process or it would have amended the relevant statutes in the nearly 20 years since *Robinson* was decided. See *Ed DeWitte Ins. Agency v. Financial Assocs. Midwest*, 308 Kan. 1065, 1071-72, 427 P.3d 25 (2018) (doctrine of legislative acquiescence). In addition, K.S.A. 22-4513(b) contains a safety valve that allows a defendant to petition the district court at any time for a reduction in or waiver of the BIDS reimbursement if the amount would "impose manifest hardship on the defendant or the defendant's immediate family."

5

Finally, the State contends a BIDS reimbursement order isn't final and, therefore, cannot be appealed because the Prisoner Review Board is statutorily authorized to set BIDS reimbursement amounts as a condition of postrelease supervision for defendants who have served their prison terms. K.S.A. 22-3717(m)(5). The authority given the Prisoner Review Board essentially replicates what the district court is directed to do under K.S.A. 22-4513. Although there may be a certain tension in those statutory directives, we decline to conclude a defendant cannot appeal a district court's reimbursement order simply because the Prisoner Review Board *might* adjust the amount as a condition of postrelease supervision. And we suppose the Prisoner Review Board commonly might give consideration or even deference to the district court's reimbursement order. The State has not shown the Prisoner Review Board routinely overrides those orders nor has it pointed to other statutes or regulations indicating how the directives in K.S.A. 22-4513(a) and K.S.A. 22-3717(m)(5) should be harmonized. Definitionally, an appealable order leaves nothing more for the district court to decide. *Plains Petroleum Co. v. First Nat'l Bank of Lamar*, 274 Kan. 74, 82, 49 P.3d 432 (2002); see *In re J.P.*, 311 Kan. 685, 689, 466 P.3d 454 (2020). The intercession of an administrative board months or years after the entry of an otherwise final judicial order on BIDS attorney fee reimbursement doesn't preclude a timely appeal from that order, especially when a district court may have abdicated its mandatory duty under K.S.A. 22-4513 to make a financial determination of a defendant's ability to pay. The State's argument to the contrary is unpersuasive.

Affirmed.

6